# SUPREME COURT OF TEXAS.

## TYLER TERM, 1859.

---

S. N. BULLOCK AND OTHERS v. JOHN J. HAYTER.

Where a general judgment has been rendered by consent, against a husband and wife, for the amount due on a note and mortgage, with a decree for the sale of the mortgaged property, and that execution issue against the defendants, for the unpaid balance; although it appear from the record, that one of the defendants is a married woman, this court does not feel bound to consider the question, whether a general judgment can be rendered against her, especially where it does not appear why she was made a party, or that she had any separate property, that could be reached by execution.

Nor does the court feel inclined to encourage the practice of raising grave questions, for the first time, in this court, unless they are fairly embraced within the assignment of errors.

ERROR from Nacogdoches. Tried below before the Hon. A. W. O. Hicks.

This was a suit by the defendant in error against Stephen N. Bullock, James F. Bullock, Elizabeth Bullock, David E. Bates, and his wife, Elizabeth J. Bates, the plaintiffs in error, on a note and mortgage.

The defendants answered the plaintiff's petition by a general exception, and general denial; but upon the trial, they appeared by their attorney, and consented that a judgment should be rendered, as upon the verdict of a jury, for the amount of money sued for in the petition; and that the mortgage should be fore-

2

closed. Judgment was accordingly given against them, for $3347.85, the amount due, and for a foreclosure of the mortgage, an order of sale of the mortgaged property, and an execution for the amount that might remain unpaid after its sale, if any, &c.

It appeared, both by the recitals in the petition, and judgment, that the plaintiff in error, Elizabeth J. Bates, was a married woman.

*Moore & Walker* and *H. C. Wallace*, for the plaintiffs in error.

*William C. Pollock*, for the defendant in error.

BELL, J.—This suit was instituted by the defendant in error against the plaintiffs in error, to recover the amount of money due upon a promissory note, which is described in the petition; and to obtain a decree of foreclosure of a mortgage given to secure the payment of the note sued on. The parties appeared in court, by their attorneys, and consented to judgment for the amount of money claimed in the petition, and to a decree for the foreclosure of the mortgage. Judgment was rendered accordingly, in the usual form, and the sale of the mortgaged property ordered. It is now objected, that the judgment is erroneous, inasmuch as it is general against Mrs. Elizabeth J. Bates, who appears, upon the record, to be a married woman. It is contended, that the judgment ought to have required execution to issue against the community property of Mrs. Bates and her husband, before execution could be issued against the separate property of the said Mrs. Bates. The judgment does not, in express terms, order or authorize execution to be issued against the separate property of Mrs. Bates, in the first instance. The judgment was entered by agreement, and is general against all the defendants, ordering the sale of the mortgaged property.

We do not feel that it is our duty to consider and settle grave questions of law, presented to us in a case like the present. There was no controversy in the court below. The plaintiff took

Bullock v. Hayter.

his judgment in the usual form, by consent of the defendants; and, doubtless, did not expect to be met in this court with questions like the one now presented. There is nothing in the record to show why Mrs. Bates became a party to the contract upon which this judgment was recovered. There is nothing to show, that she has any separate property which can be reached by an execution. The question argued by the counsel, in their briefs, is, whether or not a general or personal judgment can, properly, be rendered against a married woman. It is argued, that a judgment against a married woman must have reference to her property, and cannot be general in its terms, as in the case of judgments against other persons. We do not think this question is fairly raised by the assignment of errors; and we do not feel inclined to encourage the practice of making grave questions for the first time in this court, unless they are fairly embraced within the assignment of errors. Whenever this question, of the propriety of the rendition of a general judgment against a married woman, comes fairly before us, it will be time to consider it. We see no reason for disturbing the judgment, and the same is therefore affirmed, with damages for the delay.

. Affirmed with damages.