## WOLFF V. VAN METRE *et al.*

1. **Husband and wife: SURETY.** The wife cannot bind herself as surety for her husband by a contract which does not relate to her separate property; but she may execute a mortgage conveying her separate property to secure either her own or her husband's debts.

2. —— **PERSONAL LIABILITY.** The execution of a mortgage by the wife, conveying her separate property to secure the husband's debts, does not render her personally liable.

3. —— **VALIDITY OF CONTRACT.** The validity of an instrument executed by the wife to secure a debt of the husband, as between the parties, depends upon its being fairly obtained, without the use of undue or improper influences on the part of the creditor and husband.

4. —— **JUDGMENT.** A judgment rendered by a court having jurisdiction of the defendants upon a note executed by a husband and wife, the latter being a surety for the former, is, in the absence of some equitable showing, binding upon both parties, and may be enforced against the separate estate of the husband.

*Appeal from Benton District Court.*

FRIDAY, JUNE 23.

THE petition (in equity) alleges that in February, 1857, the defendant, John Van Metre, and his wife Josina, were indebted to Greene & Weare, in about the sum of $900; and as evidence thereof made their promissory note; that this note was assigned to Weare, and afterwards, in October, 1859, said Van Metre and wife made their three notes in the place of the former one, and based upon the same consideration, payable to the said Weare; and that the said Josina (her husband joining therein), to secure said notes, made a mortgage upon certain parcels of real estate, which were held, or claimed to be held, by her, in her own right; and which mortgage was duly acknowledged and recorded. It is also stated that one of these notes was transferred to plaintiff, on the 4th of February, 1862, and that on the 26th of the same month he recovered judg-

ment, after due and legal service, against both the makers thereof, which remains unpaid and in full force.

The petition further avers, that in November, 1858, the said Josina, for the purpose of defrauding her creditors, and especially the said Weare, conveyed the said lands so mortgaged to her children, without consideration, &c. The prayer is, to set aside these conveyances and subject the said lands to payment of the plaintiff's·judgment.

By the second clause of the answer of the said Josina, the execution of the notes in 1857 and 1859, and of the mortgage and the rendition of the judgment, as stated in the petition, are admitted. It is further averred, that she was at the time the wife of the said John; that the notes and mortgage were made for his separate individual indebtedness, and not for any indebtedness of her own separately or otherwise, nor on account of her separate property, but as surety for her husband, wherefore she is not bound by the same. And as to the said judgment she says, that being still the wife of the said John E. she paid no attention to said suit or proceedings, "it being solely a matter of her said husband's."

To this part of the answer there was demurrer, which was overruled, and plaintiff appeals.

*J. C. Traer* for the appellant.

*Preston* & *Son* for the appellees.

WRIGHT, Ch. J. — Aside from the effect to be given to the mortgage made by the wife, and the judgment upon 1. HUSBAND one of the notes secured thereby, there could be AND WIFE: surety. but little doubt upon the authority of *Jones* v. *Crosthwaite and Wife,* 17 Iowa, 393; *Patten* v. *Kinsman,* Id., 428, and *Fyffe* v. *Beers,* 18 Iowa, 4, and the authorities there cited, that this demurrer was properly overruled. These cases, however, do not by any means determine that the

wife may not mortgage her separate property to secure her own or the husband's debts, so as to be bound thereby, in equity at least, to the same extent as though *sui juris*. On the contrary, her ability and right to do so *without* the aid of the statute, is expressly recognized in the first of the above cases (p. 399), and there is certainly nothing in our legislation impairing the validity of such securities. (See *Blake* v. *Blake*, 7 Iowa, 46, and the provisions of the statute there cited.) In recognizing the validity of such a mortgage, it must not be understood that it gives the holder thereof any right to a personal claim against the wife (when made to secure the husband's debts), or to anything more than the security contained therein, certainly not beyond the wife's separate estate.

2. —— personal liability.

And it is also proper to remark that the validity of such an instrument between the parties to it depends upon its being fairly obtained without the use of undue and improper influences on the part of the creditor and husband. Courts of equity will guard with jealous care the rights of the wife in all such contracts, that she may not be overreached and her estate squandered. In this case there is no suggestion of this character, but the defense is placed alone upon the want of power to make the mortgage. Believing that in equity such a mortgage may be upheld, the demurrer to this extent should have been overruled.

3. —— validity of contract.

As to the judgment being rendered upon personal service by a court of competent jurisdiction, we do not see why the wife is not bound by it.

4. —— judgment.

In the absence of fraud on the part of the creditors, or the use of those means which would mislead or prevent her from defending the action, or some circumstances which show that she should not in equity be concluded thereby, it seems to us that the creditor is entitled to the benefit of such adjudication. *Prima facie* it certainly

determines the binding force of the contract. And in the absence of some equitable showing, it must be accepted as settling the right of the creditor to enforce the contract at least against her separate estate. The answer contains nothing sufficiently impeaching the judgment, and was therefore obnoxious to the demurrer. (Rev., §§ 2771, 2772, 2773, 2774, 2933.)

We remark, in conclusion, that we decide the case upon the questions made by the demurrer, and as between the creditors and the wife alone. It will be remembered that the lands were conveyed to the children *before* the execution of the mortgage, and hence before the rendition of the judgment. How far their rights are to be affected by these subsequent acts of their grantor, is a question of much difficulty; one that is not before us, and we pass its consideration until it legitimately arises. Because the matter stated in the clause of the answer above referred to, conceding their truth, were no defense to the plaintiff's action, the demurrer should have been sustained, and the judgment must be reversed. Beyond this we do not go at present.

Reversed and remanded, with leave to amend.