## VAN METRE v. WOLF.

1. Husband and wife: LIABILITY OF WIFE. While a married woman might defeat a recovery in an action against her as surety upon a note of her husband, by appearing and pleading her coverture, yet if she fails to appear and suffers a personal judgment to be rendered against her, she is, in the absence of fraud, concluded thereby, and cannot afterward avoid the force thereof by pleading her coverture, and that she omitted, through ignorance of her legal rights, to make her defense at the proper time.

2. —— CHARACTER AND EFFECT OF JUDGMENT AGAINST WIFE : AFTER ACQUIRED PROPERTY. Personal judgments against a married woman, upon contracts which she has the legal right to make, are authorized by section 2933 of the Revision ; and such judgments have the same effect as personal judgments against other parties, and are to be enforced in the same manner.

3. —— It is accordingly *held*, that after-acquired property of a married woman may be taken under a personal judgment against her.

4. —— CONSTITUTIONAL LAW. Section 2933 of the Revision, authorizing personal judgments against married women, under which after acquired property may be taken, is construed to apply to contracts entered into before the date of its enactment as well as to those since ; and this construction, giving the statute a retrospective operation, does not impair the obligation of the contract, increase the liability of the *feme covert*, nor create a remedy where none existed before.

> *Argu.* 1. PRIOR REMEDIES. Prior to the Revision a remedy existed against a married woman on a contract she had the right to make, and by a proper proceeding her property then in possession might be subjected to the payment of the judgment against her, and, upon the subsequent acquisition by her of other property, it could also be subjected by a like proceeding to satisfy any balance remaining unpaid.

*Appeal from Benton District Court.*

THURSDAY, JUNE 24.

THIS is an action in equity. Another suit, growing out of the same transaction and between the same parties,

has been twice before this court.   19 Iowa, 134 ; 23 id.
398.   The petition avers that, on the 9th day of February,
1857, John E. Van Metre and plaintiff executed a prom-
issory note to Green & Weare for $954.60, due in six
months, with a condition, if the amount thereof was not
paid at maturity, the maker was to pay, as a penalty,
three per cent per month after the note became due until
it was paid.   A large portion of the principal of this note
was made up of usurious interest upon a bank account for
which the note was given.   John E. Van Metre was the
husband of plaintiff, and she signed the note at the solici-
tation of Green & Weare, as security for her husband.
No part of the consideration of the note was for the ex-
penses of the family of plaintiff, or for matters relating
to her seperate property.   The consideration of the
note was exclusively the individual matter of said John
E. Van Metre.

This note was indorsed by the firm of Green & Weare
to John Weare, one of the copartners.   On the 29th day
of October, 1859, the note was taken up, and three notes,
for the sum of $371.26 each, executed by said John E.
Van Metre and plaintiff.   These notes were payable in
one, two and three years, with ten per centum per annum
interest, and plaintiff executed a mortgage to secure the
same upon certain land, the title of which was not in
her at that time, having been before conveyed by her to
her children.

One of these notes was transferred to defendant, with
full knowledge of all the facts aforesaid, who instituted a
suit thereon, and, on the 26th day of February, 1862,
recovered judgment against John E. Van Metre and
plaintiff.   The record of the judgment recites, that
plaintiff appeared in said action by attorney and con-
sented to the rendition of the judgment.   But the peti-
tion avers the plaintiff did not in fact appear in said

action nor authorize any one to appear for her, and that the recital in the record was made through misapprehension of the fact by the clerk, who entered the judgment. The petition states plaintiff did not appear, because it was represented to her by her relatives that, inasmuch as she had no property which could be taken on execution, and was a married woman, a judgment against her could not be enforced. Her husband was opposed to her defending the action, because of the expense, and also on the ground that it would not be creditable or honorable for him to interpose a defense to the suit. The defense she contemplated was usury. That being unused to business, and ignorant of the law, she was not aware that the note was void as to herself, and relying upon the representations, and being influenced by her husband and others, she took no legal advice concerning her rights, and made default in the suit; that she was ignorant of the recitals in the judgment, until after execution was issued thereon. The petition also avers that Weare relied upon the mortgage security of said note, and not upon her personal liability and the possibility of her acquiring, afterward, real or personal property, and that plaintiff had full notice of all her equities. That after the rendition of said judgment, in January, 1863, Joseph Van Metre, a son of Joseph E. Van Metre and plaintiff, died intestate, seized of certain real estate, and leaving neither wife nor child surviving him. Her husband died in June, 1863. That in June, 1868, an execution was issued upon said judgment, and her interest in the lands, inherited by her as heir of her son, were sold thereon. It is charged that the sale was irregular, and certain allegations are made as reasons for setting it aside. It will not be necessary to state these alleged irregularities. The questions arising thereon are presented in another case between the same parties, reported in this volume, being an

appeal from the judgment of the District Court refusing to set aside the sale upon motion.

The judgment against plaintiff upon the note is an ordinary judgment and contains no provision for enforcing it against her separate property held at the time, or that might be afterward acquired.

The relief asked in the petition is that the judgment be annulled and set aside, or that it be so modified as to be enforced only against property held by her at the date of the contract upon which it was rendered ; that the sale upon the execution be set aside, etc.

A demurrer to the petition was sustained by the District Court. Plaintiff appeals.

*C. H. Conklin* and *I. M. Preston & Son* for the appellant.

*Traer & Gilchrist* for the appellee.

BECK, J.—I. The question as to plaintiff's liability on the note upon which the judgment was rendered does 1. HUSBAND AND WIFE: liability of wife. not arise in this case. It may be admitted that the allegations of the petition show that her coverture, if properly pleaded as a defense to the action, would have defeated a recovery thereon. But the failure to make this defense was not on account of any fraud of defendant, but out of a desire to comply with the wishes of her husband, and through ignorance of her legal rights. Her default in that action was voluntary, and attributable to no improper influence originated by defendant. She can have no relief, because she, through ignorance, omitted at the proper time to protect her rights by proper defense to the action. The allegation that the recital of the judgment as to her consent, was untrue in point of fact, may be admitted. Her default

she admits. The plaintiff was entitled to a judgment thereon which would just as effectually bind her and cut off the defenses she now sets up as the judgment by consent. The judgment then, in the absence of fraud, and being rendered by a court of competent jurisdiction upon personal service of notice, must be held conclusively to determine the binding force of the contract, and as settling the right of the creditor to enforce it against her separate property. *Wolff* v. *Van Metre,* 19 Iowa, 136; *S. C.,* 23 id. 404. See, also, *Jones* v. *Crosthwaite,* 17 id. 394, and *Patton* v. *Kinsman,* id. 429, in which the liability of married women upon their contracts made during coverture is fully and learnedly discussed.

II. Another question is presented which is not entirely free from difficulty. It is this: Can after-acquired prop-

2. —— character and effect of judgment against wife: after-acquired property.

erty be taken upon a judgment against a *feme covert* rendered upon a contract which she was legally empowered to make? Without attempting to gain light upon this question from the authorities, we must look to our statutes for its solution. Rev. section 2772 provides that where a married woman is sued alone, judgment shall be enforced against her separate property. Other statutory provisions impose upon her liability on account of certain contracts which she is empowered to make. Upon these she may be sued alone. Section 2933 provides that in such cases personal judgments shall be rendered against her. What is the character and force of such judgments? There is nothing in the statute to indicate that they are different in any sense from personal judgments against other parties; they are therefore to be considered as all other personal judgments rendered in actions. They have the same force and effect upon her property as personal judgments against other parties in suits have upon the property of the defendants therein, and, as there is nothing prescribed

to the contrary, must be enforced in the same manner. We conclude, therefore, that they may be enforced against after-acquired property. This conclusion seems not only in accordance with the express provisions of the enactments, but in harmony with their spirit and necessary to their congruity, and demanded by reason and analogy. At common law a *feme covert* cannot be sued. It is otherwise in equity. But it appears that no personal decree can be rendered against her; it must be against her separate estate only. 1 Leading Cases in Eq. 517. It is reasonable that, in such cases, the decree shall only operate upon property in possession, and which in the proceeding is sought to be made subject to the debt, and upon that which may be afterward acquired. The reason of this rule in equity ceases to exist under our statutes.

III. The debt upon which the judgment against Mrs. Van Metre was rendered, was contracted prior to 1860, when the statutory provisions authorizing personal judgments against married women went into force. It is insisted that those statutes are not applicable to the remedy upon the contract; that they ought not to be construed to act retrospectively; that if construed to extend to the remedy, they thereby affect and impair the obligation of the contract, and are therefore in conflict with the Constitution.

4. —— constitutional law.

In the first place statutes are not, because they may be retrospective in character and effect, for that reason void; they are not forbidden by the Constitution. Courts, however, will put such construction upon statutes as will avoid any unjust or oppressive retrospective effect. The construction objected to will certainly not operate to impair the obligation of a contract, but rather have the contrary effect. It cannot be said that a law providing a new and more efficient remedy upon a contract impairs its obligation.

Van Metre v. Wolf.

Prior to the Revision of 1860, defendant had a remedy upon the note of plaintiff. It may be admitted that he ARGU. 1. Prior could not have recovered a personal judgment remedies. thereon, but by proper proceeding he could have subjected plaintiff's property to the payment of his claim. Conceding that, upon such a proceeding, property of plaintiff in possession, and expressly sought to be made subject to the debt, could only be taken, yet it cannot be denied that a like proceeding could have been instituted, upon the acquisition of other property, to subject it also to the debt if it remained unsatisfied. Thus, in fact, without the aid of the provisions of the Revision of 1860, plaintiff's property, acquired subsequent to the date of the note, could have been taken for the payment thereof. If this view be correct the provisions of the Revision of 1860 do not, in their application to the claim and judgment against plaintiff, create or increase a liability against her, nor give a remedy where none existed before. They simply provide, in their effect, for execution upon a judgment which could not have been issued without preliminary proceedings, in order to subject specific property thereto. In this view of the case, plaintiff's substantive rights are in no manner affected by the application of the above-mentioned provisions of the Revision to the remedy upon her contract, and neither hardship nor injustice is wrought her thereby. The language of the provisions applies equally to all actions accruing before or after the Revision of 1860, but commenced since.

If, therefore, they are in a certain sense retroactive, in providing a remedy different from the one existing when the contract was made, it is no objection to their application to the action on plaintiff's note.

It may be possible that after-acquired property could not have been subjected to the payment of the debt, if it had been contracted upon the credit of property in pos-

session of plaintiff, and with a view to bind such property only, and not upon the faith of future acquisitions. But that fact would have constituted a defense to the action ; its existence, however, the default negatives, and it cannot be put in issue in this suit.   This remark is equally applicable to the constitutional objection noticed above.

In an agreement between the parties filed in this court it is stipulated that, in case the judgment of the District Court be affirmed, the sheriff's sale shall stand, but that plaintiff shall have one year from the date of the decree to be rendered in this court to redeem therefrom, upon payment of the amount of the judgment, the defendant to pay the costs of the sale.   Such is accordingly the order of this court.   With that modification of the judgment of the court below it is affirmed.   A decree will be entered in this court giving the right of redemption provided for in the stipulation, and dismissing the plaintiff's petition as to the other relief prayed for.

Decree modified and affirmed.