## GUTHRIE v. HOWARD *et ux.*

Husband and wife: LIABILITY OF WIFE: ESTOPPEL. If a married woman suffers judgment to be rendered against her in an action upon a note in which she is a co-maker with or surety for her husband, she cannot escape liability to the judgment by pleading her coverture.   Following *Wolf* v. *Van Meter*, 23 Iowa, 397.

*Appeal from Dubuque District Court.*

WEDNESDAY, JULY 26.

ACTION to recover money paid by plaintiff as surety for defendants.   The plaintiff had judgment for the full amount claimed.   The defendant, Catharine Howard, alone appeals.

*Roberts & Foulke* for the appellant.

*H. T. McNulty* for the appellee.

COLE, J.—The plaintiff in his petition alleges that on the 14th day of March, 1868, the defendants executed their note for $400, payable to plaintiffs, for the purpose of having him indorse the same that they might raise money thereon; that he did indorse it for the sole use and benefit of defendants, and on the same day they borrowed of one Peter Kiene thereon the full amount thereof, and applied the same to their own use; that plaintiff was only security as indorser for said defendants on said note, and had no other interest therein; that said note was not paid at maturity by defendants, and the said Peter Kiene recovered judgment thereon in the Dubuque district court against the defendants as makers and this plaintiff as indorser for the full amount thereof, with interest and costs; that plaintiff had paid said judgment and taken an assignment thereof. He asked for a judgment against defendants for the sum he had thus paid, and interest.

Robert Howard makes no defense. The defendant, Catharine, answers, 1st. That at the time of the execution of the note, and for a long time prior thereto, she was, and is now, a married woman; 2d. That she joined in the execution of said note with her husband as surety, and not otherwise; that she received no benefit from the same, nor was the same given for the benefit of, or in relation to, her separate property, but the entire consideration for said note was received by her said husband; 3d. That said judgment has been fully paid and discharged. To the first and second counts of this answer, the plaintiff demurred, because they constituted no defense. The demurrer was sustained, and this is assigned as error.

We have several times held, that the fact of coverture will constitute no defense to a judgment fairly obtained,

upon personal notice, against a married woman. *Van Metre* v. *Wolf*, 27 Iowa, 341; *Wolf* v. *Van Metre*, 23 id. 397; S. C., 23 Ill. 404. With this holding we are content.

If the defendant Catharine was only surety for her husband, *and this fact was known to this plaintiff at the time* he also became surety as accommodation indorser, it might limit her liability to that of contribution as co-surety; but there is no averment in the answer of any such knowledge on the part of plaintiff. In the absence of such knowledge she should be held to her liability as shown by the note itself. The second count containing no averment of knowledge by plaintiff that defendant Catharine was only surety, it too was insufficient.

Affirmed.