LANDERS ET AL. *v.* DOUGLAS ET UX.

MARRIED WOMAN.—*Failure to Plead Coverture.*—If a married woman fails to make the defence of coverture to an action on her contract, and a judgment is rendered thereon, she is bound by the judgment.

From the Brown Circuit Court.

*F. T. Hord*, for appellants.

*W. W. Herod* and *F. Winter*, for appellees.

WORDEN, C. J.—This was an action by the appellee Louisa Douglas, joining with her husband, Charles G. Douglas, against the appellants. The material facts stated in the complaint are, that the plaintiff Louisa, while she was covert, executed two promissory notes, together with Amos Parmerlee and George Staples, as sureties for her said husband, to Landers, Tarkington, and Patterson, for a debt which the payees held against her husband; that the payees of the notes had full knowledge of the coverture of said Louisa at the time of the execution of the notes; that afterward the payees of the notes took judgment by default thereon against the said Louisa and the other makers thereof, in the court of common pleas of Brown county, and have issued an execution thereon, and that the sheriff has levied the same upon the property of the said Louisa and is about to sell the same. Prayer for an injunction, etc., and that the judgment may be set aside.

There was a demurrer to the complaint for the want of sufficient facts, but it was overruled, and exception taken. Such further proceedings were had as that the judgment against the said Louisa was declared null and void and the defendants enjoined from enforcing the same by execution or otherwise.

This judgment must be reversed. A married woman may interpose the defence of coverture to an action against her upon her contracts, but if she fails to make defence, and lets judgment go against her by default, she is as much bound by the judgment as if she had not been under coverture.

The defence of coverture must be interposed to an action, like that of infancy, or, indeed, any other defence; but if not at the proper time interposed, a judgment rendered on the contract of a married woman will be as valid as if no such defence ever existed. *McDaniel* v. *Carver*, 40 Ind. 250; *Van Metre* v. *Wolf*, 27 Iowa, 341; *Elson* v. *O'Dowd*, 40 Ind. 300. The demurrrer to the complaint should have been sustained.

The judgment below is reversed, with costs, with instructions to the court below to sustain the demurrer to the complaint.