## MASHBURN vs. GOUGE.

1. Judgments rendered against married women by courts of competent jurisdiction, are no less conclusive than similar judgments against other suitors. Thus, where the payee of a joint promissory note, brought suit thereon against the makers, who were husband and wife, and, after due service, obtained judgment against them, the wife's liability became as fixed as that of the husband, whether the note was in fact given for a joint debt, as indicated upon the face thereof, or whether the real debt was that of the husband alone, and the wife but a surety for him. No suretyship appearing upon the face of the contract or the pleadings, the note was good as a basis of judgment against both makers, in the absence of a timely defense to the action.

2. Where, after the rendition of such a judgment, the husband and wife co-operated in procuring from a stranger a loan of money with which to discharge it, and the loan was made on an absolute conveyance of the wife's land as security for its repayment, the 'deed being made by her to the lender in pursuance of the contract of loan, the deed is not void, and recovery may be had thereon in ejectment, as a means of coercing payment; it appearing that the money borrowed was actually applied in satisfaction of the judgment, and that the same premises were thereby relieved from the burden of a like deed previously made as security for the debt on which the judgment was founded, this prior deed having been made when said debt was created, and, of course, before the judgment was rendered. Notice to the lender, at or before the time of the loan, that the judgment did not in fact represent a joint debt, but a separate debt of the husband, and that the wife's true relation was that of surety only, would not vitiate the deed taken to secure the loan, inasmuch as the judgment made the debt hers as well as her husband's, whatever it might have been previously, and each of them was bound absolutely for its payment.

Husband and wife. Judgments. Estoppel. Before Judge HILLYER. Fulton Superior Court. April Term, 1874.

Mashburn, as a member of the firm of Jackson & Mashburn, became indebted to West, Edwards & Co., $440.00, and being pressed for payment, borrowed from Smith the necessary funds, giving to him as security the title to a lot in the city of Atlanta. This lot was the property of Mrs. Mashburn, though the deed to Smith was executed by both husband and wife. They also gave to Smith joint notes covering the amount of the aforesaid loan, with interest, purporting to be "for purchase money for a city lot." Mashburn paid to Smith a part of this money, but being unable to pay the balance, he and his wife were sued in a magistrate's court and judgments rendered against them. Being pressed by these judgments, they applied to Gouge for the loan of a sufficient sum to pay them off. Gouge agreed to pay off the judgments if secured in the necessary advance. Mrs. Mashburn accordingly made him an absolute title to her city lot, and he satisfied the Smith judg-

ments and had the deed to Smith canceled, advancing $301.60. He gave to Mrs. Mashburn an obligation to reconvey provided the money advanced by him was repaid within one year. This not being done, he brought complaint for the lot. Mrs. Mashburn pleaded that he loaned the money to her husband, that the notes to Smith and both deeds were given to secure her husband's debt; that Gouge was fully acquainted with all these facts at the time he made the loan ; that the deed under which he claimed title should therefore be canceled, etc.

The evidence showed that the loan by Gouge was made principally at the instance of Mrs. Mashburn ; as to whether he had notice of the facts and circumstances above detailed, it was conflicting.

The court held that Mrs. Mashburn was estopped by the judgments from denying that the money advanced by Gouge was to pay her debt, that there was no law prohibiting her from borrowing money to satisfy the judgments and securing the repayment of the same by deed to her separate property, and refused to instruct the jury to the contrary.

The jury found for the plaintiff. The defendant moved for a new trial because the verdict was contrary to law and evidence, and because the court erred in ruling as above stated. The motion was overruled and defendant excepted.

REUBEN ARNOLD; FRANK A. ARNOLD, for plaintiff in error, cited Code, §§1783, 2897, 3577, 3826 ; 39 *Ga.*, 43, 394, 466; 53 *Ib.*, 439; 49 *Ib.*, 412; 54 *Ib.*, 275; 3 *Ib.*, 549 ; 1 Gr'l'f's Ev., 528 ; Wharton's Ev., §§760, 823 ; Big. Est., 46 (3); Herman Est., §325, *et seq.*

HOKE SMITH, for defendant, cited Code, §§1783, 3577, 3326 ; 57 *Ga.*, 86; 59 *b.*, 255, 380 ; 39 *Ib.*, 41 ; 41 *Ib.*, 295 ; 53 *Ib.*, 435.

BLECKLEY, Justice.

It cannot be that married women are not bound like other

suitors by judgments fairly and legally obtained against them. If they cannot be concluded by the final judgments of other courts of competent jurisdiction, they cannot be concluded by the judgment of this court, and so it is in vain to litigate with them. They either stand above and beyond the law, or they must abide by what is once finally and legally adjudicated. Repeatedly adjudicating the same matter settles it no better than does a single judgment, final in its nature and left unreversed. The debt which this lady secured by her first deed, was adjudged her own as well as her husband's, and she cannot now be heard to allege the contrary. The second deed was made as security for money borrowed and applied to the payment of that debt. The conveyance binds her, and as it passed the legal title, recovery of the land could be had upon it in ejectment.

Judgment affirmed.