AMELIA FREISON *vs.* PRESIDENT AND TRUSTEES OF BATES COLLEGE.

Suffolk.    March 8. — 9, 1880.    ENDICOTT & SOULE, JJ., absent.

A married woman, against whom a conditional judgment has been rendered, after she has appeared and pleaded since the St. of 1874, c. 184, § 3, on a writ of entry to foreclose a mortgage made by her under the Gen. Sts. c. 108, § 3, is estopped, on a writ of entry by her against the mortgagee or his grantee, to show that her deed was void for want of her husband's assent or a judge's approval.

WRIT OF ENTRY, dated October 14, 1878, to recover a parcel of land in Boston. Plea, *nul disseisin*. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions in substance as follows:

On May 1, 1869, Joshua Benson conveyed the demanded premises to the demandant by warranty deed, and on the same day

she mortgaged the premises back to him for $600. After the death of Benson, his executors brought a writ of entry against her to foreclose the mortgage, dated November 25, 1874, and she appeared at the January term 1875 of this court, and pleaded the general issue. On December 29, 1875, conditional judgment was entered in that suit, "that if the defendant' shall, within two months, pay to the plaintiffs the sum due on the mortgage, viz., $693.32, with interest and costs of suit, the mortgage shall be void, and the defendant shall hold the premises discharged thereof, otherwise the plaintiff shall have his execution for possession and for the costs of suit."' On March 2, 1876, execution for possession of said premises was issued, and the plaintiffs were given possession of the same by the officer. On June 9, 1876, the executors of Benson conveyed all their right, title and interest in and to said premises to the president and trustees of Bates College, the residuary legatee and devisee under the will of Benson, and the tenant in this action, and by virtue thereof the college still holds possession. The mortgage has not been paid. The demandant offered to prove that, at the time the mortgage was given, she was a married woman, having a husband alive who did not join in said deed nor assent in writing thereto, and that she did not obtain the consent of a judge of the Supreme Judicial, Superior, or Probate Court to said deed. The tenant requested the judge to rule that the demandant was precluded from maintaining this action by the judgment recovered against her on December 29, 1875. The judge so ruled, and directed a verdict for the tenant; and the demandant alleged exceptions.

*J. W. Keith,* for the demandant.

*G. E. Smith,* for the tenant, was not called upon.

GRAY, C. J. The demandant contends that the mortgage deed executed in 1869 by her alone, without her husband's concurrence or assent, or a judge's approval, was void, under the statute then in force and the decisions of this court. Gen. Sts. *c.* 108, § 3. *Concord Bank* v. *Bellis,* 10 Cush. 276. *Weed Sewing Machine Co.* v. *Emerson,* 115 Mass. 554. But the decisive answer to this position is that the conditional judgment rendered against her, after she had appeared and pleaded (as she was competent to do; St. 1874, *c.* 184, § 3;) in the former writ of entry brought

to foreclose the mortgage, conclusively establishes the validity of the mortgage, the amount due thereon, and the right of the then demandants to hold the land on non-payment of that amount, and estops her to litigate any of those matters anew against the same parties or their assigns. Gen. Sts. *c.* 140, §§ 3–5. *Adams* v. *Barnes,* 17 Mass. 365. *Burke* v. *Miller,* 4 Gray, 114. *Sparhawk* v. *Wills,* 5 Gray, 423. *Stevens* v. *Miner,* 5 Gray, 429 note, and 110 Mass. 57. *Exceptions overruled.*