## MARY ROBINSON *v.* DAVID STADEKER.

MARRIED WOMAN.   *Liability of separate estate.   Judgment.*

   Whether a judgment in a Justice's Court against a married woman which fails to disclose separate property or liability under the statute is void, *quære;* but such a judgment in the Circuit Court is not erroneous, unless the record shows that she was married when the debt was contracted.

APPEAL from the Circuit Court of Madison County.

Hon. S. S. CALHOON, Judge.

The transcript, which contains no bill of exceptions, discloses only as follows: An affidavit made by the appellee, on March 31, 1879, in a Justice's Court, and marked *D. Stadeker* v. *John Robinson and Mary Robinson*, alleging "that the annexed account against Mrs. Mary Robinson for the sum of eighty-two dollars is just, true, and correct," and the account of the same date, for the value of cotton converted "to her use;" "a summons for Mrs. Mary Robinson and John Robinson," executed on "the defendants;" an affidavit signed by John Robinson, which recites that "John Robinson and his wife, Mary Robinson," appeared and being duly sworn, say "that the account of David Stadeker for eighty-two dollars, charged against these affiants," is not correct as stated; a judgment in

the Justice's Court for the appellant; an appeal; dismissal as to John Robinson, and a general judgment, *in personam*, in the Circuit Court for the appellee.

*A. H. Handy*, for the appellant.

The record indicates that the appellant was a married woman when the liability was incurred, but does not disclose a contract within the law in force in 1879, or point out separate property. The general judgment against the wife should therefore be reversed. *Griffin* v. *Ragan*, 52 Miss. 78; *Magruder* v. *Buck*, 56 Miss. 314; *Duncan* v. *Robertson*, 57 Miss. 820.

No counsel for the appellee.

CHALMERS, C. J., delivered the opinion of the court.

It is insisted that the judgment must be reversed because it is against a married woman, and the record nowhere shows that she was the owner of separate property, or that the debt sued on was such as she had the capacity to incur. The suit was instituted in a Justice's Court, and was without written pleadings. In such a proceeding there would seem to be no appropriate place for the insertion of these facts, except by recitals in the judgment, and they are perhaps rarely found there except in cases prepared by counsel more skilled in the law than justices usually are. Whether a justice's judgment which omitted them would be held void has not been decided, and does not here arise. The judgment appealed from was rendered in the Circuit Court on appeal, but even when tested by the more stringent rules applicable to the Circuit Court is not void. It is a judgment *in personam*, general in its character, against a woman; but that she was married only appears by an affidavit filed in the progress of the cause in the Justice's Court, denying the correctness of the account sued on. In this she is styled the wife of her co-defendant, John Robinson, as to whom the suit was subsequently dismissed. But the affidavit only speaks of her as *then* being the wife of said Robinson. Whether she was his wife or was married at all at the time of contracting the debt nowhere appears, and cannot be presumed by the court.

If she was single at the date of the contract, her subsequent marriage would in no wise affect her liability; and therefore if

she desires to avail herself of coverture it must be averred that it existed when she came under the obligation. The fact that she was a married woman when the affidavit was made does not show or even tend to show that she was so at the date of the liability. We cannot, for the purpose of declaring a judgment void, assume a state of facts as existing which is not shown by the record. A judgment against a married woman which is rendered without ascertainment of separate property, and of a legal liability under the statute, we hold to be void, but this is only where coverture is shown to have existed when the contract was made. Subsequent coverture does not affect a liability contracted *dum sola* except in so far as it necessitates the joinder of the husband in suits upon it, and it is only where by plea or otherwise it has been made to appear that the defendant was a *feme covert* when she entered into the contract that the necessity exists of showing that she was the owner of separate property and had the legal capacity to make the contract.                                                     *Affirmed.*