### Geo. W. Taggert *v*. James F. Muse.

1. **Married Woman.** *Judgment against in justice's court. Presumption of validity.*
   Where a judgment has been rendered by a justice of the peace against a married woman, even though the record and proceedings in his court fail to show those facts which are prerequisite to the rendition of a valid judgment against a married woman, in a collateral proceeding it will be presumed, when such judgment is attacked, that such facts were shown on the trial in the justice's court.

2. **Same.** *Judgment against. Subsequently acquired property subjected.*
   The separate property acquired by a married woman after the rendition of a valid judgment against her may be subjected to the payment of the judgment.

Appeal from the Chancery Court of Jackson County.

J. C. Heidelberg, Esq., Special Chancellor, presiding by agreement of the parties, Hon. George Wood being disqualified.

On the 30th day of November, 1874, G. W. Taggert recovered a judgment against Mrs. C. A. Baker before a justice of the peace for Jackson County. Subsequently, J. F. Muse purchased from Mrs. C. A. Watson (formerly Mrs. Baker) certain lands. An execution upon this judgment was about to levied upon these lands, when Muse applied for, and obtained, an injunction prohibiting such levy. The bill alleges that the judgment was void, because at the time the supposed contract, which was the foundation of the judgment, was entered into, Mrs. C. A. Baker was a married woman, and owned no separate estate, and that she had at no time been engaged as a *feme sole* in business or trade of any kind, and that said contract was not made in the course of such business, and that the contract was not made with her consent or that of her husband for family supplies, or for anything or under any circumstances that would render her separate estate liable. That at the time of the rendition of this judgment Mrs. Baker owned no separate estate. That no personal judgment could be rendered against her, and that there was no showing whatever in the papers or proceedings of the justice

that would justify the rendition of a judgment against her. Taggert demurred to the bill, and from a decree overruling the demurrer, he appealed to this court.

*C. H. Wood*, for the appellant.

1. There is no equity on the face of the bill. A defendant in a judgment at law, seeking relief therefrom in chancery, must show two facts : First, a good defence ; second, a satisfactory excuse for his failure to make such defence. *Jones* v. *Coker*, 53 Miss. 195 ; *Wooddall* v. *Seal*, 45 Miss. 726 ; *Miller* v. *Palmer*, 55 Miss. 323 ; *Newman* v. *Morris*, 52 Miss. 402.

2. There being no written pleadings before the justice of the peace, it is to be presumed that everything was proved essential to the rendition of a valid judgment against Mrs. Baker.

*Seal & Bloomfield*, for the appellee.

The judgment is void, for complainant's bill shows that she was a *feme covert* at the time the alleged debt was said to have been contracted and judgment rendered for the same, and that the debt was not contracted for the purposes set forth in sect. 1780, Code, 1871. *Mallet* v. *Parham*, 52 Miss. 921 ; *Carey* v. *Dixon*, 51 Miss. 593 ; *Magruder* v. *Buck*, 56 Miss. 314 ; *Merril* v. *Hunt*, 52 Miss. 776 ; *Griffin et al.* v. *Ragan & Dickey*, 52 Miss. 78.

COOPER, J., delivered the opinion of the court.

In *Robinson* v. *Stadeker*, 59 Miss. 3, we left it an open question whether a judgment rendered by a justice of the peace against a married woman was void, if the record and the proceedings were silent as to the facts that the debt was such an one as the defendant had capacity to contract, and that she was the owner of a separate estate. That question we answer in the negative. In a proceeding before a justice there are no written pleadings required, and only by a recital in the judgment could the facts be made to appear. The office of justice of the peace is usually filled by men unlearned in the law, and their courts are frequently held in remote sections

of the country, and are usually not attended by attorneys, the amounts in controversy being generally too insignificant to justify litigants in engaging counsel.   For these reasons a great degree of liberality is indulged in favor of their proceedings. To hold them to the same strict rules that are applied to other courts would result in the annulment of many judgments in in which the rights of parties' had been fairly tried and determined, and open up a wide field for harassing and oppressive litigation.   We think it is going quite far enough to require the facts showing a valid charge against the separate estate of a married woman to be evidenced by the record in those courts in which the pleadings are in writing.   These allegations may be, and usually are, made in the pleadings, and, for the purpose of upholding judgments of justices of the peace, we will assume that the necessary facts were pleaded orally by the plaintiff and supported by proof.   It has never been held in this State that the separate estate of a married woman, acquired by her subsequently to the rendition of a valid judgment against her, could not be taken and sold under the pre-existing judgment.   It is of that character of estate which the statute declared might be subjected to her debts, and the fact that it was not owned by her at the time of the rendition of the judgment does not relieve it from subjection thereto.

The decree is reversed, demurrer sustained, and bill dismissed.