Wingfield, trustee, *et al. vs.* Rhea, cashier.

WINGFIELD, trustee, *et al. vs.* RHEA, cashier.

1. Equity will enforce the collection of a judgment at law against a married woman, rendered on a promissory note of herself and husband, out of the income of a trust estate for her use during life, and remainder to her children.

2. A married woman having a separate estate and making a note, when sued thereon, must then defend like other litigants, or she loses her right of defence, unless by reason of fraud, want of service or other equitable ground, the judgment itself was wrongfully obtained. After judgment against her, she cannot set up that the con ideration of the note was the debt of her husband, and that she was his surety.

December 21, 1884.

Husband and Wife. Married Women. Judgments. Promissory Notes. Equity. Trusts. Injunction. Before Judge BRANHAM. Floyd Superior Court. September Term, 1884.

Rhea, cashier, filed his bill against Wingfield, trustee, and Mrs. M. E. Wingfield, alleging that the former was trustee for the latter for life, with remainder over to her children; that he had obtained a judgment against Mrs. Wingfield and M. P. Wingfield jointly for $100.00 principal, besides interest and costs; that the trust property brought an annual income of $600.00; that Mrs. Wingfield had no other property, and the trustee had very little property. The prayer was to enjoin the trustee from paying the income to Mrs. Wingfield, and to have it applied to the complainant's judgment; also that a receiver be appointed, and for subpœna.

Both defendants answered the bill, and by way of defence set up that the trustee was no party to the case wherein the judgment was rendered, and the trust estate was not liable; that the property had brought $600.00 a year, but during the then current year, it had brought nothing; and that the income was required to supply Mrs. Wingfield and her children with the necessaries of

Wingfield, trustee, *et al. vs.* Rhea, cashier.

life; also that the debt on which the judgment was founded was the debt of Mrs. Wingfield's husband, and that neither she nor the trust estate was interested therein.

On the hearing, the chancellor granted the injunction, and ordered the trustee to hold in his hands, as receiver, a sufficient amount from the income of the property to pay the principal, interest and costs due on complainant's judgment. Defendants excepted.

UNDERWOOD & ROWELL, for plaintiffs in error.

C. N. FEATHERSTON, for defendant.

JACKSON, Chief Justice.

The questions made in this record are, whether equity will enforce a judgment at law against a married woman, rendered on a promissory note of herself and husband, out of a trust estate for her use during life, and remainder to her children; and whether she is concluded by the judgment at law on the note from the defence that the consideration of the note was the husband's, and that she was his surety.

1. Both questions have been answered by adjudications of this court,—the first, in the case of *Robert, trustee, et al. vs. N. & A. F. Tift,* 60 *Ga.,* 566, and 63 *Id.,* 250, *Kupferman vs. McGehee, trustee, et al.,* where it was held that the income of the trust estate of the life tenant could be reached in equity to pay the debt of the life tenant. In the case at bar, the *corpus* of the trust estate is some twelve thousand dollars and the income six hundred, while the judgment is less than two hundred. In justice and equity, it ought to be paid by the income of the wife's trust estate for life, if it be not her husband's but her own debt, and the principles ruled in the cases cited cover and control the point.

2. Can she set up that the debt is not hers but her husband's, after judgment at law that it is hers? This point

was virtually settled in the case of *Lewis vs. Gunn*, 63 *Ga.*, 542, where it was held that, having had her day in court, and having failed to make defence, the judgment concludes her. And such must be the law. A married woman, having a separate estate, and making her note, when sued thereon, must defend like other people then, or she loses her defence, unless by fraud, or want of service, or other equitable ground, the judgment itself was wrongfully obtained. Any defence she could have made on the trial must be made. 63 *Ga.*, 542 ; 60 *Id.*, 189.

See also *Mashburn vs. Gouge*, 61 *Ga.*, 512, where the promissory note was joint by husband and wife, as in the case at bar, and the judgment on it at law was held to conclude the wife from afterwards setting up the defence that she was surety for her husband, which decides the identical point under consideration here.

Judgment affirmed.