Okey, J.
1. The allegation of the plaintiff below, in her *81 petition, that when, she signed the note “she was ignorant of what she was signing,” is to he construed in connection with the admission that she knew it was a promissory note, and with the allegations that the note was given for an individual debt of John Baughman, and that she signed it as his surety at his request, and the further fact must be considered that the petition contains no allegation of fraud or coercion, nor is it even claimed that she was misled or mistaken as to the nature of the instrument, nor that she would have refused to sign it on the fullest explanation. Pleadings, under the present system, must receive a fair and reasonable construction (Crooks v. Finney, 39 Ohio St. 57 ; Robinson v. Greenville, 42 Ohio St. 625), and so construed, the phrase quoted means no more than that she was not fully informed as to the exact nature and extent of her obligation on such promissory note. Clearly, such an indefinite statement in a petition, in view of the facts stated, affords no ground of relief. At best, the matter should have been set up when suit was brought on the note.
2. In Ohio, justices of the peace have jurisdiction only as conferred by statute, and in order that the decision of such magistrate should operate as an estoppel, it must appear from his record that the matter adjudicated was within the jurisdiction so conferred, and also it must appear that he had acquired jurisdiction over the person. This fairly appearing, however, the judgment of a justice of the peace is as impregnable against collateral attack as the judgment of any other court in the state. The State v. Daily, 14 Ohio, 91. Hence, the case would stand in no respect different if the judgment had been rendered by the court of common pleas.
3. The answer in effect admits the allegations of the petition, except so far as denied. No proof of the matters denied having been offered, the allegation of Mary Baughman, in her petition, that the note was given for the individual debt of John Baughman, and that she signed the note as his surety and at his request, may be regarded, for *82 the purpose of this opinion, as out of the ease. And this brings us to the real questions in the case, which may be stated as follows: A married woman, upon sufficient consideration, united with her husband in executing to another person a promissory note, and she and her husband being sued thereon, failed to appear in obedience to the summons, and judgment was rendered against both for the amount of the note, although coverture would have been a complete defense in her behalf, and she was fully authorized to make such defense. Civil Code of 1853, § 29; Rev. Stats., § 4997. The disability did not appear in the record, and no step was taken to set aside or reverse the judgment. Is such judgment void or merely voidable, and, if merely voidable, will a court of equity, without allegation and proof of some ground of relief additional to coverture, as, for instance, fraud or coercion, enjoin the enforcement of such judgment ?
The first question, namely, whether such judgment is void, is very distinctly answered in the negative by Callen v. Ellison, 13 Ohio St. 446. That was a case in which it was shown by the record that a member of the bar appeared in court, and producing the warrant of attorney of Rebecca Callen and others, confessed judgment against them for an amount specified therein, upon which judgment their land was sold. Rebecca Callen and other defendants were, at the time the warrant was executed, and also when the judgment was confessed, married women, though the fact did not appear in the record. No steps were taken to ¡set aside or reverse the judgment. Subsequently to the ■sale, the persons so under disability sought to obtain partition of the land, proceeding upon the theory that the judgment and sale were as to them merely nullities; but this court, in an able and instructive opinion by Gholson, J., unanimously held that the judgment and sale were valid «aid operated as a complete bar to partition, notwithstanding such coverture; and that decision has never been doubted or questioned in this court, but has been repeat *83 edly cited with approbation. Wehrle v. Wehrle, 39 Ohio St. 365.
Undoubtedly a number of decisions have been found to be in opposition to Callen v. Ellison : Graham, v. Long, 65 Pa. St. 383; Swayne v. Lyon, 67 Pa. St. 436; Vandyke v. Wells, 103 Pa. St. 49 ; cf. Hartman v. Ogborn, 54 Pa. St. 120; Morse v. Toppan, 3 Gray, 411 ; Griffith v. Clarke, 18 Md. 457; Higgins v. Peltzer, 49 Mo. 152; Weil v. Simmons, 66 Mo. 617; Wernecke v. Wood, 58 Mo. 352 ; cf. Walker v. Deaver, 79 Mo. 664; Cary v. Dixon, 51 Miss. 593; Norton v. Meader, 4 Sawyer, 603. And see Brittin v. Wilder, 6 Hill, 242 ; Watkins v. Abrahams, 24 N. Y. 72 ; Hix v. Gosling, 1 Lea, 560 ; Swing v. Woodruff, 41 N. J. Law 469 ; 7 Rob. Pr. 157 ; Schouler on Hus. & Wife, § 289, note 5; Bigelow on Estoppel (3d ed.) 61, 62; 1 Dan. Ch. Pr. (5th Am. ed.) 186, note by Chancellor Cooper.
With respect to some of these cases a brief explanation is proper. Morse v. Toppan, which is an opinion of ten lines by Chief Justice Shaw, has not been followed in Massachusetts, and although not overruled, it is much shaken by Reid v. Holmes, 127 Mass. 326, 329, where Gray, C. J., remarked: “In Morse v. Toppan, 3 Gray, 411, the judgment which was held void was against a married woman alone, in an action brought against her upon a contract made by her during coverture, while she was incapable by law of contracting or being sued; no argument was submitted for the plaintiff; and in the only case cited by the court (Faithorne v. Blaquire, 6 M. & S. 73), the judgment was set aside on motion.” And see Frieson v. Bates College, 128 Mass. 464. Cary v. Dixon, though not overruled, is limited in Taggert v. Muse, 60 Miss. 870, which is an authority that the judgment against Mrs. Baughman is not void. Norton v. Meader was affirmed (11 Wall. 442), but in the supreme court the general question of the validity of a judgment against a married woman was not considered. Hix v. Gosling, though an able opinion, is not an authority that such a judgment is void, but if it could be so considered, Crawford v. Crawford, 1 Tenn. Leg. Rep. 37, is a direct *84 authority against it. Brittin v. Wilder and Watkins v. Abrahams are eases in which the attack was made directly, and it is shown in later New York cases, hereinafter cited, that these cases are not to be regarded as sustaining the view that such a judgment is a nullity. In Swing v. Wood-ruff, also, the judgment was set aside on motion.
While it is probable that the courts of Pennsylvania, Maryland, Missouri, and Mississippi would arrive at a conclusion, in a ease like Callen v. Ellison, exactly the reverse of that reáched by this court, it does not follow that all of them would hold the judgment in this case to be void; for in several cases the point decided was, that a married woman’s warrant of attorney being void, the court did not acquire jurisdiction to render judgment pursuant to it, and hence, like the warrant, the judgment was void; but here, as the case stands before us, the note may have been given for the debt of Mrs. Baughman, contracted dum sola, and hence the action and judgment against both may have been entirely proper. Placing the case, however, on the broader ground that the debt was of such a character that the plea of coverture would have been a complete defense, our duty to hold the judgment not to be void, and thus to adhere to Callen v. Ellison, is very plain ; for the doctrine there enunciated is, as Mr. Freeman and Mr. Bishop show (Freeman on Judgments, § 150 ; 2 Bish. Rights Mar. Women, § 886), sustained by the better reason and greater weight of authority, and a somewhat laborious examination of the eases leads us to the same conclusion. Green v. Branton, 1 Dev. Eq. 500; Frazier v. Felton, 1 Hawks, 231; Vick v. Pope, 81 N. C. 22; Boraback v. Stebbins, 3 Keyes, 62; s. c. 4 Abb. App. Dec. 100; First National Bank v. Garlinghouse, 53 Barb. 615 ; s. c. 36 How. Pr. 369; Palen v. Starr, 14 N. Y. Supreme Court, 422; Smith v. Dunning, 61 N. Y. 249 ; Wilson v. Coolidge, 42 Mich. 112; Howard, v. North, 5 Texas, 290; Cayce v. Powell, 20 Texas, 767; Taylor v. Harris, 21 Texas, 438; Laird v. Thomas, 22 Texas, 276; Bullock v. Hayter; Baxter v. Dear, 24 Texas, 9, 17; Gambette v. Brock, 44 Cal. 78; Spalding v. Wathen, 7 Bush (Ky), 659 ; Wolf v. Van *85 Metre, 28 Iowa, 397 ; s. c. 27 Iowa, 341; Guthrie v. Howard, 32 Iowa, 54; Glover v. Moore, 60 Ga. 189; Mashburn v. Gouge, 61 Ga. 512; Lewis v. Gunn, 63, Ga. 542; Freison v. Bates College, supra; Crawford v. Crawford, supra; Taggert v. Muse, supra ; Landers v. Douglas, 46 Ind. 522; Burk v. Hill, 55 Ind. 419; Dick v. Tolhausen, 4 Hurl. & Nor. 695; 1 Salk. 400. And, indeed, this is but to reassert the doctrine constantly maintained in this court, “ that the judgment or final order of a court having jurisdiction of the subject-matter and parties, however erroneous, irregular, or informal such judgment or order may be, is valid until reversed or set aside.” Wehrle v. Wehrle, supra ; Arrowsmith v. Harmoning, 42 Ohio St. 254.
The judgment of the justice of the peace not being void, not having been set aside, and not having been reversed on error coram nobis, as it might have been, is, so long as its enforce ment remains unrestrained, as valid and effectual as any other judgment whatever, and the real estate of Mrs. Baughman, inherited from her father since coverture ceased, must be subjected to its payment, unless the sale be enjoined on the sole ground that she was a married woman when the judgment was rendered. But such fact of itself, under the circumstances of this case as we must now regard them, affords no ground of equitable interference; nor will a court of equity interfere unless the facts bring the case within some such ground of relief as fraud, collusion, or coercion. Ruffin, C. J., states the principle in Green v. Branton, supra, and many of the eases above cited are to the same effect; and the statutory provisions in relation to married women in force when the note was executed, and still in force (67 Ohio L. 111, § 28 ; Rev. Stats., §§ 3108, 3109, 3110, 4996, 4997), no less than the course of decision iu this state, afford a sufficient answer to the suggestions in Hix v. Gosling, supra. In favor of women so under disability, however, any obstruction or interference, especially by the husband, which may fairly be said to have induced her not to defend, may well afford ground for an injunction ; but nothing of the sort appears here.
*86 We hold that the court of common pleas erred in rendering judgment in favor of the plaintiff below, in view of the posture of the ease at that time, and the district court erred in affirming the judgment. That disposes of the case; bat being satisfied that the demurrers to the petition and amended petition were improperly overruled, we are bound so to declare. The judgment of the district court and court of common pleas will be reversed, and the demurrer to the amended petition sustained. This leaves the record without an answer, as it falls with the petition. While if the amended petition had been sufficient, the demurrer to the answer and cross petition may have been properly sustained on the ground that they did not constitute a defense ; yet, of course, when the question is whether a judgment should be perpetually enjoined, the chancellor should receive any evidence which may fairly aid him in arriving at a just conclusion, and very general allegations in the pleadings will warrant the reception of such evidence.

Judgment reversed.