Smith v. Schneider.

———————

SMITH, Respondent, v. SCHNEIDER AND OTHERS, Appellants.

1. A., having purchased real estate at a partition sale, paid a portion of the purchase money, and gave bond, with B. as security, for the residue; C. purchased at sheriff's sale all the interest of A. in the land; A., not having paid the residue of the purchase money, B. was compelled by suit to pay the same; A. had received no deed for the land: *held*, that by the payment of the residue of the purchase money, B. became subrogated to the right of the original owners, and might subject the land in the hands of C. to the payment to himself of the money so paid by him.

*Appeal from Ste. Genevieve Circuit Court.*

This cause was decided on a demurrer to the petition. The petition set forth substantially that at a public sale in partition on the 17th of May, 1853, one Simms became the purchaser of certain real estate; that, in compliance with the terms of the sale, he paid ten per cent. of the purchase money and gave his bond to the sheriff for the residue, about ninety-two dollars, with Smith, the plaintiff, as his security, the bond being payable in twelve months; that the bond not being paid on its maturity, judgment was obtained thereon, and, Simms being insolvent, the plaintiff, Smith, was compelled to pay said judgment, &c.; that since the purchase of Simms, the defendant Schneider had become the purchaser at sheriff's sale of all Simms' right, title and interest, and had received a deed from the sheriff; that Simms is insolvent. Plaintiff therefore prays judgment against Simms, who is a party to the suit, for the amount of his debt; also that the land in the hands of Schneider be subjected to the payment thereof. The sheriff was also made a party defendant to this suit.

The demurrer of defendants was overruled, and judgment given for plaintiff; defendant Schneider appealed.

*J. F. St. James* and *T. C. Johnson*, for appellants.

I. If the legal title had passed to Simms, there would be no doubt in this case. The taking of security for the purchase money is a complete waiver of any lien upon land. (Gilman v. Brown, 1 Mason, 217; Delassus v. Poston, 19 Mo. 430; 1 White's Lead. Cases in Equity, Am. ed., 273, and authorities cited.)

II. Even if the lien existed, it could not be enforced against creditors and purchasers without notice. (1 White's Lead. Cases, 280.) Schneider is a creditor, and by his judgment and execution had both a legal and equitable lien. He is also a purchaser without notice. There is no pretence that he had any knowledge of the lien now set up. The petition does not so charge.

III. The Circuit Court, on motion, would have compelled the sheriff to make a deed to the purchaser. If the court would have directed a conveyance, it was the fault of the sheriff that one was not made. Simms had done all he was required to do, and the sheriff should have done his part by conveying. Equity, however, will always treat a thing as done which ought to have been done. The deed should have been made, and it is for the purposes of this action so considered, and for the reasons first given, the lien is gone.

*J. W. Noell*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

Schneider became the purchaser of Simms' equitable title at a sheriff's sale. He took that title with its encumbrances. As Simms could not have obtained a title to the land without paying the balance of the purchase money, Schneider, claiming under him, was in no better situation. He could only get the land by paying the sum he bid for it and the balance of the purchase money. That was the bargain he made when he be-

Dunklin County v. The District Co. Court of Dunklin Co.

came the purchaser at the sheriff's sale. Smith, being the security of Simms for the purchase money, when he paid it he had a right to be substituted to the equity of the owner of the land, which equity was to hold the title until the purchase money was paid. Now, as Schneider bought the land subject to the payment of the unpaid purchase money, and as Smith, the surety of Simms, has paid that money, he is entitled to have the land sold in order that it may be refunded to him.

The doctrine in relation to the discharge of the lien for the payment of the purchase money is not applicable to this case, as the owners of the land had never parted with their title by the execution of a deed. The legal title was in them, and they had an equity to have the land sold for the purchase money, and Smith, the surety of Simms for that money, having paid for it, is entitled to be substituted in the place of the holders of the legal title, whoever they may be. The other judges concurring, the judgment will be affirmed.