*G. Durbin,* for appellant.

———————•———————

## McDANIEL *v.* CARVER ET AL.

MARRIED WOMAN.—*Judgment.*—*Execution.*—After judgment, the defence of coverture cannot be interposed to prevent the sale of the property of a married woman on an execution issued under the judgment against her.

APPEAL from the Madison Common Pleas.

DOWNEY, J.—Complaint by the appellant against the appellees, praying an injunction. The facts stated in the com-

plaint are, that on the 9th day of August, 1870, Patrick Skehan and Michael Skehan recovered a judgment in said common pleas against Will C. Moreau and Minnie Moreau; that on the 15th day of August, 1870, the plaintiff became replevin bail on the said judgment; that on the 21st day of July, 1871, the clerk of said court issued an execution on said judgment against said Will C. Moreau and Minnie Moreau, as principals, and the plaintiff as replevin bail; that this execution was placed in the hands of the defendant Carver, as sheriff of the county, and that he, on the 7th day of August, 1871, levied the same on certain real estate of the plaintiff, a description of which is contained in the complaint, and has advertised the same for sale on, etc.; that at the date of the rendition of said judgment and issuing of the execution, the said Minnie Moreau was, and she still is, the owner of personal property of the value of eight hundred dollars, and of real estate of the value of seven thousand dollars, in Madison county, Indiana, a description of which real estate is set out in the complaint, which property was, and is, subject to sale on said execution, and which the said sheriff was, and is, bound to sell before selling any of the property of the plaintiff; that the said Carver is proceeding to sell said property of the plaintiff at the instigation of the other defendants herein; wherefore, etc.

The defendants answered that Will C. Moreau had no property subject to execution, when the judgment was rendered and the execution issued thereon, and that the said Minnie Moreau was, at the time of the execution of the note on which the judgment was rendered, and at the time of the issuing of said execution, a married woman, and the wife of the said Will C. Moreau; that the note was given for goods sold to said Will C. Moreau, on his own account, setting out a copy of the note.

The plaintiff filed a demurrer to the answer, for the reason that it did not state facts sufficient to constitute a defence to the action; his demurrer was overruled, and judgment given against him. He excepted and appealed, and has here as-

signed as errors, first, the overruling of his demurrer to the answer; and, second, the dismissing of his complaint.

Counsel for the appellees refers us to the case of *Kantrowitz* v. *Prather*, 31 Ind. 92, as an authority in support of the ruling of the court. That was, however, a case where the coverture of the wife was interposed as a defence against the rendition of the judgment. Here no such defence was set up when the suit was brought on the note against the husband and wife, but her coverture is alleged by the judgment plaintiffs and the sheriff, as a reason why the execution shall not be first levied on her property before a levy is made upon the property of the replevin bail. This strikes us as being a new application of the doctrine with reference to the defence of coverture.

The statute expressly requires the sheriff first to levy upon the property of the judgment defendants, if sufficient can be found, before he shall levy upon that of the replevin bail. 2 G. & H. 236, sec. 428. The makers of the note in this case were summoned into court, that they might have an opportunity to set up any defence which they might have against the plaintiffs' action. Having failed to set up the defence of coverture, or if it was set up, having failed to derive any benefit from it, and judgment having been rendered against her, it cannot be set up now, either by her or by the defendants in this case, as a reason why the judgment shall not be enforced by execution. A party might, with the same propriety, be allowed to go behind the judgment to set up any other defence.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the answer, and for further proceedings.

*W. R. Pierse* and *H. D. Thompson,* for appellant.

*M. S. Robinson,* for appellees.