———————o·————————

## WAGNER *v.* EWING.

MARRIED WOMAN.—*Promissory Note.—Judgment.*—A married woman joined her husband in executing a promissory note. Afterward a joint judgment was rendered against them on the note, the wife failing to plead her coverture.

*Held,* that the judgment was not a nullity and could not be so treated in a collateral proceeding.

*Held,* also, that such judgment was a lien on the real estate of the wife.

From the Ripley Circuit Court.

*H. W. Harrington,* for appellant.

*W. D. Ward* and *J. O. Cravens,* for appellee.

BUSKIRK, J.—The questions relied upon for a reversal of the judgment arise upon the admission of evidence and the instructions of the court. The facts are these:

On the 29th of July, 1868, Isaac Levi and Rhoda Levi, his wife, gave their note for one hundred and fifteen dollars,

payable to Julia A. Ewing, the appellee, one year after date. On the 9th day of January, 1865, the said Rhoda Levi became the owner, in her own right, of lot No. 70 in Osgood, in Ripley county, Indiana, and on the 31st day of March, 1869, she and her husband sold and conveyed said real estate to Peter Wagner, the appellant, who, as a part of the consideration for such real estate, agreed to pay to the appellee one hundred dollars on the note she held against the said Levis, and the appellee agreed to release the said Levis and look to the said Wagner. Wagner afterward declined to pay to the appellee the said sum of one hundred dollars, because the property purchased by him from the said Levis, as he averred, was incumbered by a judgment rendered on the 7th day of February, 186—, in the Ripley Common Pleas Court, in favor of George W. Cochran against the said Isaac and Rhoda Levi, which was unsatisfied. The judgment was rendered upon two notes made by Levi and his wife for real estate other than that conveyed by the said Levis to the said Wagner.

Upon the trial, Wagner and several other witnesses testified that the agreement to pay the appellee the said sum of one hundred dollars was upon the condition that the said judgment was satisfied, and the lien created thereby was removed from said property. The appellee testified that there was something said about a judgment at the time of the novation, but she did not at such time or then understand the matter. It seems to us that it is shown by the preponderance of the evidence that the agreement was upon such condition. The real question was, whether the judgment was a lien upon the said property. It was claimed by the appellant that such judgment was a lien upon the property of Mrs. Levi. It was, on the other hand, insisted by the appellee, that such judgment was not a lien upon such property, because Mrs. Levi was a married woman at the time the notes were executed, and when the judgment was rendered. The court, over the objection of the appellant, permitted the appellee to prove that at the times when such notes were

executed and the judgment rendered, Mrs. Levi was a married woman.

The fifth instruction given by the court, to which the appellant excepted, was as follows :

"5. The title to the property conveyed by the Levis to Wagner was in Rhoda Levi, and if you find that the only incumbrance upon the property, as shown by the evidence, is a judgment rendered in favor of George W. Cochran against Isaac Levi and Rhoda Levi, and at the time the judgment was rendered you find from the evidence that Rhoda Levi was married; then the judgment against Rhoda Levi personally is a nullity, and is therefore in reality no incumbrance on the property ; and if the judgment is a nullity, then the plaintiff should recover, notwithstanding the agreement may have been that Wagner would pay on condition the property should be free from incumbrances."

It is well settled by several decisions of this court that a valid judgment may be rendered against a married woman upon a promissory note executed by her. The note as to her was void, and would have been so held, if she had pleaded her coverture when she was sued upon the note ; but having failed to do so and permitted judgment to be rendered against her, the note is merged in the judgment, which can not be attacked in this collateral proceeding. The judgment was a lien upon her property. The court erred in the admission of the evidence and in giving the above instruction. *Smith* v. *Dodds*, 35 Ind. 452 ; *McDaniel* v. *Carver*, 40 Ind. 250 ; *Elson* v. *O'Dowd*, 40 Ind. 300.

It is, however, insisted by the appellee that there was no personal judgment rendered against Levi and his wife, but that it was a judgment *in rem.* The record shows that there was in the first instance a personal judgment rendered against the makers of the notes, and, in the next place, the court found that the notes had been given for the purchase-money of certain real estate, and decreed a specific lien upon such real estate, and ordered the sale thereof to satisfy such lien. But we are unable to see how the condition of the

appellee would be bettered if there was no personal judgment rendered against Levi and his wife. The court found that the notes were given for the unpaid purchase-money for such real estate and decreed a specific lien thereon; and it was shown upon the trial of the case in judgment, that such real estate had been sold under and by virtue of such decree for a small sum, leaving due and unpaid a larger amount than the appellant agreed to pay the appellee. The notes having been given for the purchase-money of such real estate, the vendor was entitled to a vendor's lien thereon, and the decree of the court made such lien effective and binding upon the property.

The judgment is reversed, with costs; and the cause is remanded for a new trial, in accordance with this opinion.