Ballew v. Roler et al.

Filed June 24, 1890; petition for a rehearing overruled Sept. 17, 1890.

No. 14,151.

BALLEW v. ROLER ET AL.

VENDOR AND PURCHASER.—Vendor's Lien.—Principal and Surety.—Subrogation.—J. became the surety of the purchaser of land on a note given to the vendor to secure the purchase-money. The purchaser mortgaged the land to the surety to secure him against loss. The surety, who had been compelled to pay the purchase-money, foreclosed the mortgage after the mortgagor's death.

Held, that the right of the surety was superior to that of the widow of the mortgagor, he being subrogated to the lien of the vendor to whom the purchase-money was paid.

Held, also, that the widow, until the purchase-money was paid, had only the right to redeem.

SAME.—Former Adjudication.—A decree of foreclosure estops a party from setting up any title acquired before the decree was rendered.

From the Tipton Circuit Court.

W. R. Oglebay, for appellant.

J. N. Waugh and J. R. Kemp, for appellees.

ELLIOTT, J.—The appellant, in her complaint, asserts title to the real estate therein described. The second paragraph of the answer of the appellees alleges that in 1868, John H. Reeder, since deceased, was the owner of the land in controversy; that he mortgaged it to William Jackman to secure and indemnify him against loss by reason of his undertak-

ing as surety for Reeder; that Reeder died in April, 1875; that after the death of Reeder, the mortgagor, Jackman, the mortgagee, instituted a suit to foreclose the mortgage executed to him, making the widow and heirs of the mortgagor parties; that the plaintiff was the widow of Reeder, and that she has since married Lindsey Ballew; that in such suit a decree was entered foreclosing the mortgage and barring the equity of redemption of the appellant, as well as of all the other parties to the suit. It is further alleged that a sale was made on the decree; that the land was bought by Jackman, and that a deed was executed to him by the sheriff in due season, It is also alleged that the complaint, in the foreclosure suit, averred that the note which Jackman executed as surety was given by the appellant's husband to secure the purchase-money of the land in controversy to the person from whom the land was bought.

It is quite clear that this answer is good as a plea of former adjudication. The appellant was brought into court to answer as to her interest in the mortgaged premises, and she was thus afforded an opportunity to assert her claim, and, having failed to do so, she is concluded by the decree. There would be little reason for making persons parties to a foreclosure suit if the decree rendered was not effective to defeat their claim and bar their equity of redemption. Our decisions, extending over many years, uniformly hold that a decree of foreclosure estops a party from setting up any title acquired before the decree was rendered. *Lawrence* v. *Beecher*, 116 Ind. 312; *Adair* v. *Mergentheim*, 114 Ind. 303; *Bundy* v. *Cunningham*, 107 Ind. 360; *Craighead* v. *Dalton*, 105 Ind. 72; *Randall* v. *Lower*, 98 Ind. 255; *Woodworth* v. *Zimmerman*, 92 Ind. 349, and cases cited; *Ulrich* v. *Drischell*, 88 Ind. 354, and cases cited. In *McCaffrey* v. *Corrigan*, 49 Ind. 175, the rule we have stated was applied in a case very like the present.

Whether a judgment or decree is, or is not, erroneous, can not be inquired into in a collateral proceeding; all investi-

gation ends as soon as it is ascertained that there was juris-
diction of the subject and of the parties.   It is, therefore,
without success that the appellant's counsel presses upon our
attention reasons supporting his contention that the decree
mentioned in the answer is erroneous, for, grant that the rec-
ord in the suit in which the decree was rendered abounds in
errors, still it would profit the appellant nothing.

The third paragraph of the answer is not materially dif-
ferent from the second, and what we have said shows its suf-
ficiency.

The material allegations of the second paragraph of the
appellant's reply are these: That the mortgage was executed
to Jackman on the 4th day of December, 1868, to indemnify
him against any loss he might sustain as the surety of John
R. Reeder; that the appellant did not appear and defend the
suit brought to foreclose the mortgage because of the false
and fraudulent representations of Jackman that the land
was bought of Eli Reed by Reeder, and that the mortgage
he was seeking to foreclose was given for the purchase-money,
and that she relied upon such representations, and did not
appear and defend the foreclosure suit.

If it were conceded that the appellant could impeach the
decree rendered in the foreclosure suit in this collateral ac-
tion, the reply can not be upheld.   The statement of the
plaintiff in the foreclosure suit is not shown to be false, much
less fraudulent.   As Jackman was surety for the purchase-
money, and was compelled to pay it, he was subrogated to
the rights of the original vendor, and his mortgage became,
in equity, a mortgage for the purchase-money paid by him.
*Smith* v. *Schneider*, 23 Mo. 447.

It is quite clear, upon the whole record, that the appel-
lant can not maintain this action.   This would be true, even
if there had been no decree foreclosing the lien of Jackman,
for, as Jackman paid the purchase-money, his right is supe-
rior to that of the appellant; and if she could, by any possi-
bility, be awarded relief, it could only be upon a bill to re-

deem. This is expressly decided in *Keith* v. *Hudson*, 74 Ind. 333, and the decision is fully supported by the cases of *Mc-Mahan* v. *Kimball*, 3 Blackf. 1; *Fisher* v. *Johnson*, 5 Ind. 492; *Talbott* v. *Armstrong*, 14 Ind. 254; *Patton* v. *Stewart*, 19 Ind. 233; *Alexander* v. *Herbert*, 60 Ind. 184.

If the fact that there was a decree of foreclosure should be entirely eliminated, still, this action could not be maintained, because the plaintiff has, at the utmost, no more than a right to redeem, for even if Jackman acquired no rights under his indemnifying mortgage paramount to those of the plaintiff, he had, nevertheless, a right by subrogation to the vendor's lien held by the person to whom the purchase-money was paid. As against a lien for purchase-money the rights of a widow are subordinate; for, until the purchase-money is paid, she has nothing more than a right to redeem.

Judgment affirmed.

Filed June 7, 1890; petition for a rehearing overruled Sept. 17, 1890.