### RUSSELL & CO. v. LAMB.

*(Circuit Court, S. D. Iowa, C. D.    March 21, 1892.)*

RES ADJUDICATA—FEDERAL AND STATE COURTS—EQUITY PLEADING.
    A bill to quiet title was brought in an Iowa court, and, after answering the same, defendant filed a cross-bill, showing title in himself, and asking that the same be quieted against plaintiff. Complainant then dismissed the bill, but afterwards filed answer to the cross-bill, and also filed a petition, as defendant to the cross-bill, to remove the cause to a federal court, which was denied by both the state and the federal courts. After a hearing on the cross-bill, and answer thereto, the state court rendered a decree for defendant, which was affirmed by the state supreme court, after fully deciding that the cross-bill and answer were sufficient to sustain the decree under the state statutes and practice. *Held,* that the decree constituted a complete bar to a subsequent suit in a federal court upon the same allegations contained in the original bill, even though the cross-bill and answer would be insufficient under the rules pertaining to equity pleadings in the federal courts.

In Equity. Suit by Russell & Co. against Newton Lamb to quiet title to lands. Decree dismissing the bill, and quieting title to defendant on his cross-bill.

Cole, McVey & Cheshire, for complainant.

W. G. Harvison, for defendant.

WOOLSON, District Judge. The complainant, Russell & Co., an Ohio corporation, brings this action for the cancellation of a sheriff's deed for certain real estate in Polk county, Iowa, held by defendant, Lamb. The bill alleges various specific grounds for the relief prayed, including sale illegally made of non-contiguous parcels, in violation of the statutes of Iowa, and that the sale was made by the sheriff after the judgment, under whose execution he proceeded, had been fully satisfied. And complainant avers title in itself to said real estate through sheriff's deed, un-

der certain judgments set out. Defendant, Lamb, fully answers the various specific grounds of attack made by complainant's bill on his title, and pleads in bar, as *res judicata*, the judgment and decree of the district court of Polk county, Iowa, in three several actions. Defendant also files his cross-bill herein, averring ownership, through sheriff's deed, of the real estate in controversy herein, and praying decree establishing, confirming, and quieting this title in himself. By agreement of counsel and consent of court, this cause was heard, and is now submitted on the plea alone. It is agreed by both parties that, if the plea is sustained, decree must be entered for defendant; but, if the plea is not sustained, the case will proceed to hearing upon the other issues involved. The pleadings herein, with the exhibits, are voluminous. I have deemed it proper to examine fully the several pleas in bar presented by defendant. But, finding the one last pleaded in the answer and cross-bill to be decisive of the case, it becomes unnecessary to consider, in this decision, the two first pleaded. This plea of defendant avers that complainant, Russell & Co., instituted in the district court of Polk county, Iowa, an action in equity against defendant, Lamb, wherein are set out as the cause of action the identical grounds set out in the bill herein, and the same relief is prayed which is herein prayed; that defendant, Lamb, in said action filed his answer and cross-bill, claiming title in himself, and asking same be quieted; and that on the issues joined on said cross-bill the cause was tried on its merits, and decree entered against complainant, Russell & Co., and establishing and quieting in defendant the title to said real estate.

The law of *res judicata* appears to be well settled. In *Hahn* v. *Miller*, 68 Iowa, 745, 28 N. W. Rep. 51, the supreme court of Iowa declare:

"The general rule is that the judgment of a competent court is conclusive between the parties upon all questions directly involved in the issues, and necessarily determined by it."

This is substantially the rule announced in various decisions of the supreme court of the United States. *Stockton* v. *Ford*, 18 How. 418; *Packet Co.* v. *Sickles*, 5 Wall. 580; *Cromwell* v. *Sac Co.*, 94 U. S. 351; *Bryan* v. *Kennett*, 113 U. S. 179, 5 Sup. Ct. Rep. 407.

In *Doe* v. *Carpenter*, 18 How. 297, the language of the supreme court is as follows:

"The general rule is that the judgments of courts of concurrent jurisdiction are inadmissible in a subsequent suit, unless they are upon the same matter, and directly in point. When the same matter is directly in question, and the judgment in the foregoing suit is upon the point, it will then be, as a plea, a bar, or as evidence, conclusive between the parties. So a judgment is conclusive upon a matter legitimately within the issue, and necessarily involved in the decision."

I find from the evidence submitted that complainant, Russell & Co., instituted against defendant, Lamb, in the district court of Polk county, Iowa, in April, 1887, an action in equity; that the petition and amendments filed thereto contain averments, as grounds for relief, identical with the bill herein; that the same relief is therein prayed, and that the

prayer expressly asks the cancellation of same deed from the sheriff to defendant, Lamb, and with reference to the same real estate, as in bill herein prayed; that defendant, Lamb, filed therein his answer, fully traversing said petition as to the facts averred other than those appearing of record; that said defendant therein set out the facts claimed by him to constitute his title to said real estate, averred his ownership thereof in fee-simple, and by cross-bill prayed affirmative judgment establishing and quieting his title to the real estate in controversy therein, which is the real estate in controversy in the action now pending in this court; that complainant, Russell & Co., filed its answer to said cross-bill; that Russell & Co. dismissed its said action in said Polk district court, and thereupon said court proceeded to try the issues joined on said cross-bill and answer, and rendered decree therein, which decree contains the following:

"The court, after the introduction of the proofs and listening to the arguments of the respective counsel, being now fully advised in the premises, finds that the allegations in said cross-petition contained are true, and that the equities of this cause are with the defendant, Lamb. It is therefore hereby ordered, considered, adjudged, and decreed that, as against the said Russell & Co., the said Newton Lamb is the absolute owner in fee of the premises in controversy, [describing them,] and that his title thereto is paramount and superior to any interest the said Russell & Co. may have in the said premises; and that the title to said premises be, and the same hereby is, established, quieted, and confirmed in the said Newton Lamb, as against the said Russell & Co.," etc.

But counsel for complainant in argument contend that since in said action, in Polk district court, Russell & Co. dismissed its action, there remained nothing upon which said court could act and said decree be based. This argument proceeds on the theory that defendant's (Lamb's) answer in said action fell with plaintiff's dismissal of its action, and that thereafter no basis remained for affirmative action and decree in the state court. But in that action Russell & Co. filed an answer. An answer to what? To what did Russell & Co. intend its allegations should respond? The answer was never withdrawn, but remained, and still remains, as a part of the pleadings in that action. After Russell & Co. had dismissed the action, so far as able to effect such dismissal, and filed answer therein, Russell & Co. formally filed therein a petition for removal of the action to the federal court. In the opinion of Russell & Co., there remained at that time sufficient action for a removal thereof to this court. The opening sentences of this petition for removal are instructive as to the then considered *status* of the pleadings in that action:

"The petition of Russell & Co., of the state of Ohio, respectfully shows that your petitioner is the sole defendant interested in this suit as it now stands; they having dismissed his cause of action, and filed an answer to the cross-bill of Newton Lamb. And your petitioner further respectfully shows that the said Newton Lamb in his cross-bill asks to quiet the title to certain lands in Polk county, Iowa, which lands are of the value of more than $5,000. And your petitioner further respectfully shows that they claim to be the owners of said lands situated in Polk county, Iowa, and they have a deed therefor; that this cause has not yet been tried, but that the same is pending

for trial; and that your petitioner desires to remove this suit before the trial thereof," etc.

The petition for removal was denied by the state court. (It may be proper to here state that this court concurred in that denial, by remanding to the state court the same case which was attempted to be brought here by the filing by Russell & Co. of certified transcript of the files and record from the state court.) And thus, after dismissal of action by Russell & Co., there remained in said action only the cross-bill of Lamb, and answer of Russell & Co. The petition for removal, formally presented to that court by Russell & Co., recognizes this as the state of the pleadings. Upon those pleadings trial was had, and decree passed against Russell & Co., who may not now be heard to say in this court that there was no cross-bill as a basis for such decree. It may also be instructive to examine a motion for continuance which appears in the files in the pending action, and in which, under date of May 16, 1890, Russell & Co. ask a continuance of this action until the decision of the appeal then pending in the supreme court of Iowa which said Russell & Co. had taken from decree of the Polk district court. After stating that the action in said Polk district court "was tried by the district court on defendant's answer and cross-bill," the application proceeds:

"The complainant says that the defendant herein has pleaded adjudication in the state court, and that the questions involved in this case have been passed upon by the state court, who it is alleged have jurisdiction of the same, and that the question of the rights of the parties are now in the supreme court of Iowa on appeal, and that one of the questions involved in said appeal is whether or not the answer or cross-bill, so called, of the defendant, in the district court, was such a cross-bill as could entitle him to proceed thereon, and that this case should not be tried until the case (appeal) in the supreme court has been disposed of, and that this cause should stand over and wait the decision of the supreme court."

Turning to 48 N. W. Rep. 939, (*Russell* v. *Lamb*,) I find that the Iowa supreme court have formally and fully passed upon the question whether said answer and cross-bill, under the statutes of Iowa, and under the practice of the courts of the state, was a sufficient cross-bill to sustain said decree, and sustained the same as sufficient, and affirmed the decree of the district court; and that this decision is abundantly supported by the general line of decisions of said supreme court. This must end the controversy as to whether, in the Iowa courts, said answer and cross-bill was a good and sufficient cross-bill.

But complainants now urge that this answer and cross-bill, so filed in said Polk district court, would have been held insufficient if filed in this court in an action here pending; and that because of its insufficiency, when tested by the rules pertaining to equity pleadings in the federal courts, such answer and cross-bill, although it may have been good in the state court, will not be regarded by this court as sufficient to sustain the plea of *res judicata* as to the judgment and decree in said state court rendered thereon. But the action was not pending here. The pleading was filed in the state court, and under the state statutes. Whether the pleading was such a cross-bill as, under the circumstances of the case, to authorize the Iowa

court to proceed to trial thereon, and to grant relief, must be determined under the Iowa statutes. Of the subject-matter of the action the Polk district court unquestionably had jurisdiction. And all the parties to the action were present in court, with pleadings filed in the action and counsel taking part in the trial. The court had jurisdiction of the parties. The construction of the Iowa statutes, as to the force and effect of pleadings in said action, is peculiarly the province of the Iowa courts. "The construction given to the statute by the highest court of the state should be followed by this court." *Moores* v. *Bank*, 104 U. S. 625. "The construction given to a statute of a state by the highest tribunal of such state is regarded as a part of the statute, and is binding upon the courts of the United States." *Leffingwell* v. *Warren*, 2 Black, 599. And when, as in this case, the decision is supported by the unbroken line of decisions of the state supreme court, the federal courts would accept the state construction, even though that might conflict with the decisions which the federal courts had made in cases before it, wherein a like point of construction was involved. *Bucher* v. *Railroad Co.*, 125 U. S. 555, 8 Sup. Ct. Rep. 974. And even upon matters of general law, such as the construction of commercial law and like matters, not directly the result of state legislation, the federal courts hesitate to adopt a construction with reference to actions brought before them from any state, when such construction would have, within that state, a different effect from that flowing from the construction adopted by the state court. "Even in such cases, for the sake of harmony and to avoid confusion, the federal courts will lean towards an agreement of views with the state court, if the question seems to them balanced with doubt." *Burgess* v. *Seligman*, 107 U. S. 20, 2 Sup. Ct. Rep. 10. I find that the plea in bar is in point. It is well taken and fully sustained by the evidence. Let decree be entered herein dismissing complainant's bill, and, on defendant's cross-bill, establishing defendant's title to the real estate in controversy, and quieting the title in him.