Baker v. Cravens.

---

## BAKER v. CRAVENS.

[No. 18,516.   Filed April 1, 1898.]

APPEAL AND ERROR.—*Exceptions.*—Where exceptions to conclusions of law are joint, no question is presented if either conclusion is correct.  *p. 201.*

WILLS.—*Probate.*— *Clerical Error.*—Where the probate order book containing the record of the probate of a will refers to the testatrix as Mary Baker, but the will and the proof made a part of the record identifies the will as that of Martha V. Baker, and discloses the error of the clerk in making the entry, such error will not defeat the probate thereof, nor cast a cloud on the title to the real estate devised.  *p. 201.*

SAME.—*Probate.*—Section 2754, Burns' R. S. 1894, *et seq.*, does not require a specific finding to be entered of record of each of the elements of proof in probating a will, where the proof itself is entered of record.  *pp. 201, 202.*

APPEAL AND ERROR.—*Wills.*—*Probate.*—Appellant cannot complain of a judgment of the court denying his petition to cancel the record probating a will and to be permitted to make due probate thereof, where such judgment was based upon a finding that the will was properly probated.  *p. 202.*

From the Grant Circuit Court.    *Affirmed.*

*H. M. Elliott* and *G. M. Elliott,* for appellant.

*Austin De Wolf,* for appellee.

HACKNEY, J.—The appellant, by petition, in the nature of a proceeding in equity, sought to cancel the record purporting to probate the last will of Martha V. Baker, and to be permitted to make due probate of said will.    The theory of the petition was that the record was incomplete, showing no perfect probate of said will and constituting doubt as to the appellant's title by devise under said will.

The questions presented as error arise upon exceptions to conclusions of law drawn from facts specially found.    The facts material were, in substance, as follows:    Martha V. Baker, wife of the appellant, died testate December 1, 1892, leaving the appellant, her husband, and the appellee, her daughter, as her only legatees, devisees, and heirs at law.    That by her last will she gave all of her property, real and personal, excepting five dollars, to the appellant, and said sum of five dollars she gave to her said daughter.    It is found that the appellant, with one of the witnesses of said will, presented the same to the lower court for probate, and before said clerk made the usual affidavit in proof of probate, whereupon the said will was presented for probate to the Grant Circuit Court, which court made decision and entry in its probate order book as follows:    "The last will and testament of *Mary Baker,* deceased, is now filed and presented in open court; and comes also Archibald Cranston one of the subscribing witnesses to the execution thereof by said decedent, and, being duly sworn, on his oath makes due proof thereof in the following words to wit:    (Here insert.)    Thereupon it is decreed by the court that said last will and testament has been

duly admitted to probate and record of said county, which will and the clerk's certificate of probate are in the following words to wit: (Here insert.)" The will, the proof, and the certificate were recorded, and are set out in the transcript. The will and the proof refer to the testatrix as "Martha V. Baker, late of said county, deceased December 1st, 1892;" that she was of "full age" at the time of the execution of the will, etc. There are a number of findings having reference to a suit by the appellee to contest the will and the final dismissal thereof, but they have no influence upon the questions for decision by this court. The court's conclusions of law were "(1) that said will was duly admitted to probate; (2) that said petition to set aside said probate was not filed within the time limited by law for contesting said will; (3) that the prayer of said petitioner ought not be granted."

The exceptions to the conclusions were joint, and if either conclusion is correct, the exceptions should fail.

The appellant seems to doubt the sufficiency of the probate because the record thereof referred to the last will of Mary Baker, but the will and the proof, made a part of the record, very clearly identifies the will as that of Martha V. Baker, and disclosed the trivial error of the clerk in drafting the entry. Such errors are not substantial, and could not defeat probate, or cast a cloud upon the appellant's title under the will.

It is further urged that the proof was insufficient in showing jurisdiction in the Grant Circuit Court. We observe no substantial objection to the proof in its statement that the testatrix died a resident of Grant county, as required by section 2750, Burns' R. S. 1894.

Many of the objections urged are as to the failure of the record of probate to disclose that evidence other than said affidavit was heard, or that oral exam-

Baker *v.* Cravens.

ination of witnesses was made. We think the entry of probate broad enough to include a finding of a full hearing of oral and documentary proof. However, we have no doubt that the statutory requirement that the proof shall be entered of record contemplated that ordinarily proof should be made by affidavit. Where such affidavit is recorded, it may be fairly presumed that the court acted upon it.

Many objections are urged against the record of probate because of its failure to find the sanity, age, place of death, etc., of the testatrix, and that the will was presented for probate by some one interested in the estate. The statute, section 2754, Burns' R. S. 1894, *et seq.*, seems not to contemplate the specific finding, entered of record, of each of the elements of proof in making probate. The proof itself, being entered of record, remains to disclose the facts of due execution.

Due execution and proper probate are expressly conceded by the appellee, and, since this proceeding is effective only as to her, the appellant secured by the conclusion and judgment of proper probate all that he was entitled to, and has no substantial merit in his appeal.

Much is said of the answers filed by the appellee in the lower court, and the failure of the court to make findings with reference thereto, and of the fact that contest of the will was not contemplated by this proceeding. All of these questions are conceded in favor of the appellant, and there was no adverse decision. No question is fairly before this court beyond that of the probate of the will. Upon that question we are impressed that the lower court decided correctly. The judgment is affirmed.