Maynard *v.* Waidlich.

---

MAYNARD ET AL. *v.* WAIDLICH ET AL.

[No. 18,803. Filed May 9, 1901.]

PLEADING. — *Joint Demurrer.* — A demurrer to second, third, and fourth paragraphs of reply on the ground that neither of the paragraphs states facts sufficient to avoid the answer is joint, and not several, and if either paragraph was good the demurrer was properly overruled. *pp. 564, 565.*

APPEAL AND ERROR.—*Joint Assignment.—Conclusions of Law.*—An assignment of error challenging all of the conclusions of law jointly must fail if any one of the conclusions is correct. *p. 565.*

SAME.—*Assignment of Error.—Conclusions of Law.*—The correctness of conclusions of law must be questioned by proper exceptions to each conclusion and assigning error thereon, not by motion to restate the conclusions. *p. 565.*

SAME.— *Special Finding.— Conclusions of Law.— Exceptions.— Motions.*—Where there is a special finding and conclusions of law thereon, and the judgment is rendered in conformity with the conclusions of law, an exception to each conclusion of law, and not a motion to modify the judgment, is the remedy. *pp. 565, 566.*

SAME. — *Record. — Original Bill of Exceptions.* — Although nothing except the evidence and questions concerning the competency of witnesses and the admissibility of evidence can be brought into the record by an original bill of exceptions, when the original bill contains matters which cannot be brought into the record in that

Maynard *v.* Waidlich.

manner, the matters properly in the record will be considered and the improper disregarded.  *p. 566.*

MORTGAGES.—*Husband and Wife.—Lands Descending from Former Husband.—Judgments.—Former Adjudication.—Collateral Attack.* —A decree of foreclosure of a mortgage executed by a woman and her second husband on land which descended from her first husband (there being children of such first marriage living), in violation of §2641 Burns 1894, is conclusive, and cannot be attacked in a collateral proceeding.  *McCullough* v. *Davis,* 108 Ind. 292, overruled. *pp. 566, 575.*

JUDGMENTS.—*Conclusions.—Collateral Attack.—Pleading.*—The conclusiveness of a judgment on collateral attack recovered in a case where the court had jurisdiction of the parties and the subject-matter of the action is not affected by the insufficiency of the pleading upon which it was rendered.  *p. 575.*

From the Whitley Circuit Court.  *Affirmed.*

*L. W. Royse, A. G. Wood* and *F. E. Bowser,* for appellants.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellees.

MONKS, J.—Appellees brought this action to foreclose a mortgage executed by appellant Harriet Maynard and Elon Maynard, her husband, to appellees to secure certain promissory notes executed by said Harriet to said appellees for the unpaid purchase money of the real estate described in the mortgage.  The cause was tried by the court, a special finding of facts made, and conclusions of law stated thereon in favor of appellees, and over a motion for a new trial by Harriet Maynard, judgment and decree of foreclosure were rendered against the said Maynard and Maynard.  Harriet Maynard alone appeals, and assigns errors as follows: "(1) The court erred in overruling the demurrer of said appellant to the second paragraph of reply; (2) the court erred in overruling the demurrer of said appellant to the third paragraph of reply; (3) the court erred in the conclusions of law stated upon the finding of facts; (4) the court erred in overruling said appellant's motion to restate the conclusions of law; (5) the court erred in overruling said appellant's motion for judgment in her favor upon the special

facts found; (6) the court erred in rendering a decree of foreclosure upon the one-third of the real estate described in the complaint and claimed by appellant; (7) the court erred in overruling said appellant's motion for a new trial."

It is alleged in the second paragraph of the separate answer of appellant, Harriet Maynard, "that about the year 1860, one Clinton S. Perrin, who was a resident of Whitley county, Indiana, died the owner in fee simple of all the land described in appellees' complaint and mortgage; that he owned no other real estate at the time of his death; that he left surviving him said appellant Harriet, his widow, and their children, Rial, Hiram, and Edwin S. Perrin, his only heirs at law, all of whom are now living; that in 1861 said Harriet married Elon Maynard, since which time she has remained continuously and now is his wife; that she never, before her marriage to said Maynard, sold or conveyed said real estate or any part thereof or interest therein to any one, by deed or otherwise; that she has not since her marriage to said Maynard sold or conveyed said real estate, or any part thereof or interest therein, by deed or otherwise, in which her said children by her first husband or either of them joined; that she is still the owner of the undivided one-third of said real estate, by virtue of her marriage with and as the widow of the said Clinton S. Perrin, deceased, and holds the same free from any encumbrance or lien whatever by virtue of said mortgage."

The second and third paragraphs of reply to said second paragraph of answer plead a former adjudication. The objections urged to these paragraphs of reply are such as can only be reached by motions to make more specific, and not by a demurrer for want of facts. Even if the third paragraph of reply "counts upon an estoppel in pais" and the facts alleged are insufficient to support the same, as claimed by appellant, yet no reversible error was committed in overruling the demurrer thereto, for the reason that the demurrer to the reply was joint and not several as to said

paragraphs. Said demurrer is as follows: "The defendant, Harriet Maynard, demurs to the second, third, and fourth paragraphs of plaintiff's reply to the second paragraph of the answer of the said defendant, and says that neither of said paragraphs of reply states facts sufficient to avoid said answer." This demurrer is joint, and not several. *Rownd v. State,* 152 Ind. 39, 42, and cases cited. The court did not err, therefore, in overruling the same.

There were four conclusions of law, and appellant excepted to the same in gross. The third error assigned challenges all of the conclusions of law jointly. If any one of the conclusions of law is correct, appellant must fail as to this assignment. Ewbank's Manual, §135; *Kline v. Board, etc.,* 152 Ind. 321, 326; *Hatfield v. Cummings,* 152 Ind. 537, 541; *Baker v. Cravens,* 150 Ind. 199, 201; *Royse v. Bourne,* 149 Ind. 187, 190, 191, and cases cited; *Evansville, etc., R. Co. v. State,* 149 Ind. 276, 283, and cases cited. It is not claimed that all of the conclusions of law are erroneous, and it is evident that the third is correct. No question is presented, therefore, by the third assignment of errors. A motion to restate the conclusions of law is not recognized by our code of procedure, and for this reason the fourth error assigned presents no question. *McFadden v. Owens,* 150 Ind. 213, 214. The correctness of conclusions of law is only questioned by a proper exception to each conclusion and assigning as error in this court that the court erred in each conclusion of law, or that the conclusion of law which is challenged is erroneous. *Nelson v. Cottingham,* 152 Ind. 135, 136-138, and cases cited; *Jones v. Mayne,* 154 Ind. 400, 402, 403, and cases cited; *Smith v. Barber,* 153 Ind. 322, 332.

The judgment in this case strictly followed the conclusions of law, and was rendered in conformity therewith. No question is presented, therefore, by the fifth and sixth errors assigned. *Nelson v. Cottingham, supra,* and cases cited; *Jones v. Mayne, supra; Anglemyer v. Board, etc.,* 153 Ind. 217, 218.

When there is any objection to a judgment rendered upon a verdict or general finding of a court, a motion to modify the same must be made in the trial court before any question can be presented in this court concerning the same. *Hawks* v. *Mayor*, 144 Ind. 343, 349, and cases cited; *McGinnis* v. *Boyd*, 144 Ind. 393; *Seisler* v. *Smith*, 150 Ind. 88, 90, and cases cited; *Evans* v. *State*, 150 Ind. 651, 655, 656, and cases cited. When, however, there is a special finding and conclusions of law thereon and the judgment is rendered in conformity with the conclusions of law, an exception to each conclusion of law, and not a motion to modify the judgment, is the remedy. *Nelson* v. *Cottingham, supra,* 136, 137.

The grounds assigned for a new trial were that the finding was not sustained by sufficient evidence, and that the same was contrary to law. The determination of these grounds for a new trial depends upon the evidence which appellees insist is not properly in the record. The original bill of exceptions which is embodied in the transcript contains, in addition to the evidence, a number of motions made in the court below by appellant, the rulings of the court thereon and the exceptions of appellant thereto. It is true, as claimed by appellees, that nothing except the evidence and questions concerning the competency of witnesses, and the admissibility of evidence, can be brought to this court by an original bill of exceptions. Ewbank's Manual, §35; *Adams* v. *State, post,* 596. When, however, the original bill of exceptions embraced in the transcript contains the evidence as well as matters which can not be brought to this court in that manner, the evidence and questions concerning its admissibility and the questions of the competency of the witnesses will be considered and determined while the other matters shown by such bill will be disregarded. *Adams* v. *State, supra.*

It appears from the evidence that in 1860 Clinton S. Perrin died intestate the owner in fee simple of the real

estate described in the complaint and mortgage, which was all the real estate owned by him at that time. That he left surviving him appellant, his widow, and their three sons, as his only heirs, all of whom are now living. Subsequently, appellant was married to Elon Maynard. That said sons and their wives, in 1883, sold and conveyed said real estate by warranty deed to said Elon Maynard, and he paid them the full and fair value of their interest therein, including their interest in expectancy in the undivided one-third thereof that would descend to them from appellant, their mother, at her death. On February 22, 1883, Elon Maynard and appellant, Harriet Maynard, executed a mortgage on all of said real estate to one Shorb, to secure four promissory notes for $1,000 each, executed by said Elon Maynard. Afterwards, in 1892, said Shorb brought an action against said Elon Maynard, Harriet Maynard, and others, among whom were appellees, to foreclose said mortgage. Appellant, Harriet Maynard, appeared and filed an answer and cross-complaint in said action. Her husband and all other parties to said action were made defendants to said cross-complaint. In one paragraph of answer she alleged that said real estate descended to her and her said children from her deceased husband, Clinton S. Perrin, who died intestate, and that at the time of signing said mortgage she was the wife of Elon Maynard, her codefendant in said action, and that said children of said Perrin were still living and had never disposed of their interest in said estate. In another paragraph she alleged as to 120 acres of the real estate described in said mortgage, that the same was purchased for her by her husband, Perrin, with her money, and he was to have the deeds therefor made to her, but that without her knowledge or consent he fraudulently took the title thereto in his own name; that she had always believed that the title thereto had been vested in her; that she has been in full possession of said 120 acres of real estate since its purchase; that said Shorb had notice of all said facts when said mortgage was executed; that said

mortgage was executed to secure the indebtedness of said Elon Maynard, and for no other purpose whatever. The same facts were alleged in her cross-complaint and she asked that her title to said real estate be quieted.

Said Shorb filed demurrers to said cross-complaint and each paragraph of said answer, and the same were overruled. Said Shorb filed a general denial to the answer and cross-complaint of said Harriet Maynard, and also a second paragraph alleging certain facts upon the theory that appellant was estopped thereby from claiming any title in said real estate except her inchoate interest therein as the wife of Elon Maynard. Appellant filed a reply to said second paragraph. Said cause being at issue was tried by the court and the court found for said Shorb and "against said Harriet Maynard on her answer and cross-complaint and that said Elon Maynard was, at the time of the execution of plaintiff's mortgage, and now is, the owner of the entire tract of land described in the complaint and mortgage, free and clear from any secret trust or declared trust in favor of his codefendant, Harriet Maynard, and that the title of said Elon Maynard therein should be quieted as to any claim of defendant Harriet Maynard, and that said Harriet Maynard should be forever estopped from claiming or setting up or declaring herself to be the owner of any interest in said real estate." The court also found for said Shorb on his complaint against all the defendants thereto. A decree of foreclosure was rendered against all the defendants in said action, and that said Elon Maynard is the owner of the real estate described in the complaint and mortgage, and quieting his title thereto against said Harriet Maynard. Said court had jurisdiction over the subject-matter and the parties to said action. Subsequently an order of sale was issued upon said decree to the sheriff of Whitley county, who gave proper notice that said real estate would be sold under said decree. That on the day fixed for said sale, said Harriet Maynard served a notice on said sheriff

and the prospective bidders that she, as the wife of Elon Maynard, was entitled to. "an inchoate one-third interest in said real estate, and is entitled to have the undivided two-thirds thereof first offered for sale before the entire tract is offered or sold." Thereupon the said sheriff offered and sold said real estate, subject to the inchoate interest of said Harriet Maynard therein as the wife of said Elon Maynard, to Christian Waidlich, one of the appellees, for the full amount of the judgment, interest, and cost in said action, and issued to him a certificate of purchase therefor. After the expiration of one year, said real estate not having been redeemed, the sheriff executed a deed to said Waidlich for said real estate as required by law. That at the time said Waidlich purchased said real estate at sheriff's sale, he believed that Elon Maynard was the owner of said real estate and that Harriet Maynard had no interest therein except her inchoate interest as the wife of said Elon Maynard, and he relied upon and believed the notice which said Harriet served upon the sheriff at the sale, that the claim she had in said land was such inchoate interest, and if it had not been for such notice and belief he would not have made such purchase. After receiving the sheriff's deed for the real estate purchased at said sale, he sold and conveyed the same by quitclaim deed to appellant, who executed her notes for the unpaid purchase money, and, to secure said unpaid purchase money, executed the mortgage sued upon in this action on all of said real estate, her husband, Elon Maynard, joining in the execution thereof. That appellant, Harriet Maynard, did not before her marriage to said Elon Maynard convey said real estate, nor after such marriage did she join in a conveyance thereof with her three sons by said Perrin.

It is settled law that a woman during a second or subsequent marriage is prevented by §2641 Burns 1894, §2484 R. S. 1881 and Horner 1897, from conveying by deed or mortgage the real estate received and held by her by virtue of her previous marriage, so long as there are children by

such marriage, or their descendants alive. *Avery* v. *Akins,* 74 Ind. 283, 291, and cases cited; *Edmondson* v. *Corn,* 62 Ind. 17; *Aetna Ins. Co.* v. *Buck,* 108 Ind. 174, and cases cited; *United States, etc., Co.* v. *Harris,* 142 Ind. 226, 239, and cases cited; *Horlacher* v. *Brafford,* 141 Ind. 528; *Mickels* v. *Ellsesser,* 149 Ind. 415; *Forgy* v. *Davenport,* 146 Ind. 399, 403.

But even if a purchaser of such real estate during said second or subsequent coverture acquires no title thereto, yet if he brings an action against such vendors to quiet his title to said real estate, and recovers judgment against them, quieting his title thereto, such judgment is binding on the parties, and they cannot thereafter question the title of such purchaser to such real estate. *Hawkins* v. *Taylor,* 128 Ind. 431.

The question to be determined, therefore, is whether or not appellant is estopped from asserting her title to the undivided one-third of said land inherited from her first husband, Clinton S. Perrin.

The general rule is that a judgment is conclusive against the parties to the same, and those claiming under them, as to all matters that were or might have been litigated in the action under the issues. 21 Am. & Eng. Ency. of Law, 216, 220; *Ulrich* v. *Drischell,* 88 Ind. 354, 358; *Elwood* v. *Beym,* 100 Ind. 504; *Thomas* v. *Thompson,* 149 Ind. 391; *Moore* v. *Horner,* 146 Ind. 287; *Parker* v. *Obenchain,* 140 Ind. 211; *Stanton* v. *Kenrick,* 135 Ind. 382; *Clements* v. *Davis,* 155 Ind. 624, 631, and cases cited; *Gilmore* v. *McClure,* 133 Ind. 571; *Masters* v. *Templeton,* 92 Ind. 447; *Miller* v. *Hardy,* 131 Ind. 13.

In an action to foreclose a mortgage, the validity of the mortgage and the power and capacity of the mortgagors, or either of them, to execute it, are in issue, and when the same is foreclosed, the power and capacity of the mortgagors to execute the same, the right to foreclose it and sell the land therein described are conclusively adjudicated, whether the

judgment and decree of foreclosure were by default' or otherwise. *Craighead* v. *Dalton,* 105 Ind. 72, and cases cited; *Miller* v. *Hardy,* 131 Ind. 13, 18, and cases cited; *Bundy* v. *Cunningham,* 107 Ind. 360, 362, 363, and cases cited; *Ballew* v. *Roler,* 124 Ind. 557, 558, 559, and cases cited, 9 L. R. A. 481; *Davis* v. *Barton,* 130 Ind. 399; 1 Van Fleet's Former Adj., p. 447. It was said in *Ballew* v. *Roler, supra:* "Our decisions, extending over many years, uniformly hold that a decree of foreclosure estops a party from setting up any title acquired before the decree was rendered."

The promissory notes of married women and their other executory contracts, executed prior to the act of 1881 enlarging the powers of married women, were void. *Lackey* v. *Boruff,* 152 Ind. 371, 375; *O'Daily* v. *Morris* 31 Ind. 111; *Hodson* v. *Davis,* 43 Ind. 258, 263, and cases cited; *Putnam* v. *Tennyson,* 50 Ind. 456; *American Ins. Co.* v. *Avery,* 60 Ind. 566, 570; *Williams* v. *Wilbur,* 67 Ind. 42, 44; *Thomas* v. *Passage,* 54 Ind. 106; *Eberwine* v. *State,* 79 Ind. 266, 267.

It has been uniformly held, however, by this court that a judgment by default or otherwise on such void contract against such married women was conclusive, and could not be called in question collaterally. *McDaniel* v. *Carver,* 40 Ind. 250, 252; *Elson* v. *O'Dowd,* 40 Ind. 300, 306; *Wagner* v. *Ewing,* 44 Ind. 441, 443; *Landers* v. *Douglas,* 46 Ind. 522; *Burk* v. *Hill,* 55 Ind. 419; *Schlemmer* v. *Rossler,* 59 Ind. 326, 329; *Hinsey* v. *Feeley,* 62 Ind. 85; *Wright* v. *Wright,* 97 Ind. 444, 445.

In *Wagner* v. *Ewing, supra,* speaking of the contract of a married woman, it was said, on page 443: "The note as to her was void, and would have been so held, if she had pleaded her coverture when she was sued upon the note; but having failed to do so and permitted judgment to be rendered against her, the note is merged in the judgment, which can not be attacked in this collateral proceeding. The judgment was a lien upon her property."

In McDaniel v. Carver, supra, it was said on page 252: "The makers of the note in this case were summoned into court, that they might have an opportunity to set up any defense which they might have against the plaintiff's action. Having failed to set up the defense of coverture, or if it was set up, having failed to derive any benefit from it, and judgment having been rendered against her, it can not be set up now, either by her or by the defendants in this case, as a reason why the judgment shall not be enforced by execution. A party might, with the same propriety, be allowed to go behind the judgment to set up any other defense."

In the case of Craighead v. Dalton, 105 Ind. 72, heretofore cited, a woman and her second husband executed a mortgage on land which she inherited from her first husband as his widow. After the execution of said mortgage she died leaving her second husband and two children by her first husband surviving. Afterwards suit was brought to foreclose said mortgage and the children of said first marriage were made defendants. One of them suffered default, and the other, a minor, answered by a guardian ad litem. A decree was rendered against the defendants to the suit foreclosing said mortgage on said real estate, and on this decree the land was sold. After the purchaser, under said decree, received a sheriff's deed, one of said children—the other having died after the foreclosure—brought an action for possession of said real estate on the theory that said mortgage was void as to their mother, and that, therefore, the decree of foreclosure was void as to them. And this court held that said decree of foreclosure adjudicated the rights of all the parties before the court, and that said surviving child, the plaintiff in the action for possession, could not thereafter successfully assert any claim to said real estate as against said decree. The court speaking by Elliott, J., said, on page 74: "The main averment of the complaint in the foreclosure suit was the execution of the mortgage,

and this, of course, included the element of the power to execute it, so that the question of the power to execute the mortgage was in issue. It has often been decided that a judgment will bind a married woman although the instrument upon which the action was founded would have been adjudged void had a defense been made, and that principle applies here, for the power to execute the mortgage was in issue and the decree is conclusive. To hold otherwise would tend to make titles insecure, and to impair confidence in the decrees and judgments of the courts. * * * There could have been no right of action in the plaintiff in the foreclosure suit if there was no power to execute the mortgage. His cause of action depended entirely upon the validity of the instrument on which it was founded. In suing upon that instrument and in bringing the appellant into court to join issue upon the complaint, the plaintiff in that suit asked the appellant to litigate the validity of the mortgage and the right to foreclose it, and also to contest the right to sell the land described in it. In decreeing that the mortgage should be foreclosed the court necessarily adjudicated upon these questions, and where a matter has been adjudicated by a court having jurisdiction it is set at rest. It would be unjust to purchasers to permit one who has had an opportunity to make a defense to a mortgage and to assert his interest in the land to come in long afterwards and destroy the title founded on the decree. * * * There can be no doubt that the appellant might have litigated every question affecting the rights of the mortgagee and his own in the foreclosure suit, and having this right it was his duty to do so. This is within the rule laid down in *Fischli* v. *Fischli,* 1 Blackf. 360, 12 Am. Dec. 251, where it was said, of the doctrine of former adjudication, that 'This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case.' " This reasoning is unanswerable and applies fully to the adjudication in the foreclosure of the Shorb mortgage.

It is true that in *McCullough* v. *Davis,* 108 Ind. 292, it was held that a decree of foreclosure rendered on a mortgage executed by a woman and her second husband on land which descended from her first husband to her as his widow, there being children of such first marriage living, was void, and a purchaser under such decree took no title to such real estate. This decision was placed upon the ground that the mortgage was void, and it was assumed without giving any reason therefor that the decree of foreclosure rendered thereon was, therefore, void. The case of *Craighead* v. *Dalton,* 105 Ind. 72, where the title of a purchaser of land under a decree foreclosing a void mortgage was sustained, and the cases holding that judgments against married women on their void contracts were conclusive against such married women, until properly vacated and set aside, were not considered or mentioned. These cases and the principles therein declared seem to have been overlooked or disregarded, and received no consideration in *McCullough* v. *Davis, supra.* Said case is not supported by reason and is contrary to the great weight of authority in this State, and, is therefore overruled. But this case is much stronger against appellant than the case of *Craighead* v. *Dalton, supra,* where the judgment was by default as to one of the defendants, and on a general denial of a guardian *ad litem* as to the other.

It will be observed that in the action on the Shorb mortgage appellant alleged by way of answer her title to the one-third of said land as the widow of said Perrin, and by answer, as well as by cross-complaint, alleged that her first husband, Perrin, held 120 acres of said land in trust for her, of which fact Shorb had knowledge when he took said mortgage. The case was tried upon its merits, and the court found against her on her answers and cross-complaint, and in favor of Shorb on his complaint, and said mortgage was foreclosed. A decree was also entered quieting the title of her husband in said real estate against her. As her

husband had no cross-complaint or other pleading asking to quiet his title to said real estate against her, this part of the decree was without the issues, and for that reason not binding on her. *Clements* v. *Davis,* 155 Ind. 624, 631, and cases cited; *Finley* v. *Cathcart,* 149 Ind. 470, 477, 478, and cases cited, 63 Am. St. 292; *Jones* v. *Vert,* 121 Ind. 140, 16 Am. St. 379.

The remainder of the decree, however, was within the issues and binding on all the parties thereto. It was conclusively adjudicated in said action that said mortgage was valid, that appellant had the power to execute the same, that it was a lien on said real estate, and that she had no title or interest therein except such as was junior and subject to the lien of said mortgage. Appellees acquired title to said real estate under said decree of foreclosure, and are entitled to the benefit of said adjudication against appellant in this action. Appellant insists that her answer in the Shorb case that she inherited the undivided one-third of said real estate from her former husband, Perrin, was insufficient, and did not allege facts sufficient to defeat a foreclosure of said mortgage on said undivided one-third of said real estate, and that for this reason it was not adjudicated that she had the power to execute said mortgage on said one-third.

Each of said paragraphs of answer and her said cross-complaint were challenged by demurrers for want of facts and were held sufficient by the trial court in that action and those rulings, even though erroneous, are binding on appellant and Shorb until vacated or set aside. *Jarrell* v. *Brubaker,* 150 Ind. 260, 272; *Ballew* v. *Roler,* 124 Ind. 557, 559.

The sufficiency of the pleadings in that action can not, therefore, be questioned in this. The conclusiveness of a judgment recovered in a case where the court had jurisdiction of the parties and the subject-matter of the action is not affected by the insufficiency of the pleading upon which it was rendered. *State* v. *Krug,* 94 Ind. 366, 370, and cases cited; *Russell* v. *Lamb,* 49 Fed. 770.

It is clear, however, from the authorities cited, that even if appellant had suffered default in the Shorb case, or if she had appeared and failed to set up her title to the undivided one-third of said real estate as the widow of Perrin, she would have been conclusively bound by said decree. The main averment in the complaint in the Shorb foreclosure case was the execution of the mortgage, and this included the power to execute it. There was no right of action in Shorb as to the undivided one-third of said real estate, if appellant had no power to execute the mortgage thereon. The decree of foreclosure in that case, therefore, necessarily adjudicated the validity of said mortgage as to said undivided one-third of said real estate, and appellant's power to execute the same thereon, and the right to foreclose the mortgage and sell said undivided one-third. It follows, therefore, that appellant is concluded by the decree in the Shorb case, even if her answer in that case was insufficient and could be questioned here.

It is insisted by appellant that she was sued in the Shorb case as the wife of Elon Maynard and that she is therefore only bound in that capacity by the decree in said case. It is true that the complaint in that case alleges that she is the wife of Elon Maynard, but it also appears that she was sued as a mortgagor. The Shorb mortgage contained full covenants of warranty and purported to mortgage all the land described therein in fee simple. Such mortgage, if valid, covered all the interests owned by either or both of the mortgagors in said land. The decree of foreclosure therefore covered all the rights and interests of both of the mortgagors in said real estate, and they were both concluded as to all their rights and interests therein.

Although some of the special findings may not be sustained by the evidence, yet the evidence fully sustains all that are necessary to support the conclusions of law stated by the court. The judgment follows the conclusions of law, and is fully sustained by the evidence. Judgment affirmed.